### No. 11,388.

### GRAND LODGE OF LOUISIANA F. AND A. MASONS VS. CITY OF NEW ORLEANS.

The questions involved in this case were decided and the case was remanded in order to hear evidence as to the relative value of the property occupied by plaintiff to that leased and yielding a revenue.

The District Court has complied with the judgment and fixed the value of the property. The value is not disputed.

Though the previous decision remanding the case was final, the principles enunciated were re-examined.

Our conviction remains unchanged.

APPEAL from the Civil District Court, Parish of Orleans. *King, J.*

*J. Q. A. Fellows* and *Chas. F. Buck* Attorneys for Plaintiff and Appellant:

In a question of law not argued, the decision is not *stare decisis* as to another, not a party to the case decided.

If the Constitution of 1868 and the legislation thereunder did not repeal the special acts of exemption from taxation, of certain charitable institutions, Art. 207 of the Constitution of 1879, being less broad in its terms of non-exemption, did not repeal such special acts of exemption.

"Charitable institutions," strictly such, have always and everywhere been held in the highest favor, and acts in their favor are to be construed most liberally.

The revenues and income of all charitable institutions are not private or corporate profit or income, but constitute a fund for the relief of the poor of the community and State, and relieve the State and municipality to its full amount in its duty to the poor and indigent.

It is the duty of the State to provide for the wants of the indigent within its bounds, and the taking from the revenues of a charitable institution by the way of taxation is the diminishing of the ability of such institutions to relieve the poor, and adds the same amount to the burden of the State, with the additional cost of collection.

The Article 207 of the Constitution of 1879 absolutely exempts "al$_1$ charitable institutions," and the clause at the end applies only to the property of colleges, schools, etc.

Chartered charitable institutions are agents of the State in carrying out the objects of their foundation, and are subject to the control of the courts in case of any misfeasance or breach of trust. These are only the trustees of the charitable funds placed under their administration and as agents of the State, and can not, strictly speaking, derive any private or corporate profit or income.

The exemption from taxation of "all charitable institutions" is universal and exclusive, as much so as places of religious worship or burial; the question of property does not become a question. Charitable institutions can have no property, except as a trust, in the interest of the State and as trustees of the State.

Donations made to charitable uses are in effect made to the State, the entire revenues of which are devoted by the donors to the purposes designated and to relieve the State from a burden which it is bound to bear, and the taking of a portion of the revenues of such donations, in the form of taxation or other-

wise, would be a diversion of the funds from their proper desti-
nation, and, if by the trustees of such fund, would constitute a
breach of trust.

_E. A. O'Sullivan_, City Attorney, _L. O'Donnell_, Assistant City
Attorney, for Defendant and Appellant:

This cause was presented to this Honorable Court in 1892, and ap-
pears in the 44 An., p. 659: The decision referred to covered
all points presented to this court with the exception of one, and
that was "what was the value of the property leased by the
plaintiffs, and from which an income or profit enured to them?"

The judgment of the court is based on the evidence adduced—to
which nothing contrary was offered by the plaintiffs; in fact,
plaintiffs' own witnesses were the only witnesses examined—this
evidence reads, that the city tax for the year 1888 should be
on an assessment of twenty thousand dollars; for the year 1889
on an assessment of ten thousand dollars, and for the year 1890
on an assessment of sixty-two hundred dollars.

The opinion of the court was delivered by

BREAUX, J. This case received careful consideration, and the
principles of exemption enunciated in the decision remanding the
case to decide the relative value of the property occupied by the
plaintiff to that leased (or not in use, of the Grand Lodge) received
the court's endorsement after mature deliberation.

The case was remanded to carry out the purpose just stated.

The extent of the exemption is defined.

The court _a qua_ has correctly interpreted our decree, and the ap-
pellant has no objection to urge against the amount allowed in the
judgment appealed from, if the court's views regarding the exemp-
tion itself remain unchanged.

The plaintiff appeals from the judgment fixing the respective
amounts and settling the value of the property upon which taxes are
due, in order to reiterate defences heretofore decided.

On appeal a reconsideration is asked by appellant of the identical
questions heretofore decided.

In the previous suits the plaintiff claimed that its exemption from
taxes, under legislative grant, had the force of a legislative contract

which could not be repealed or impaired by subsequent constitutional provisions or statutory enactments.

On the part of defendant, it was pleaded, that the exemption claimed conferred a mere gratuity, subject to repeal, and that this exemption was repealed by Art. 207 of the State Constitution exempting property of charitable institutions, not used or leased for purposes of private or corporate profit or income, inasmuch as part of plaintiff's property is leased for corporate revenue.

These issues were argued orally and by brief.

The effect of the article of the Constitution (207) upon the exemption was the prominent issue.

This court's previous decision includes that point.

In answer to the proposition again argued, that charitable institutions, strictly speaking, can realize no private or corporate profit or income, we can only reiterate in different language that this court many years since established a difference in the matter of taxation between the property of a charitable institution yielding a revenue and that property which the institution occupies for the purposes of its charities. It was held that the former was subject to taxation, and that the latter was exempt from taxation. City of New Orleans vs. Congregation Dispersed of Judah, 15 An. 389.

A similar question was considered in the case of City of New Orleans vs. The New Orleans Mechanics Society, 27 An. 437. The court held that as a charitable society the property actually used by *itself* for purposes of charity would be exempt, but that the property not being used for the specific purpose expressed in the act of incorporation was not exempt from taxation.

The permissive article of the Constitution of 1868 to the Legislature to exempt property in the actual use of charitable institutions has received judicial interpretation, in a number of cases.

In two cases, however, 33 An. 850 and 37 An. 70, a different veiw was expressed, and the conclusions of the majority of the court were vigorously opposed. In one of these cases, the Poydras Asylum, Judge Fenner, in his dissenting opinion, says: "I think that, under the terms of the Constitution, and *under the jurisprudence of the courts established thereunder, the exempting statute was unquestionably repealed so far as inconsistent with the rule of taxation provided by Article 118.*" (Italics ours.)

The organ of the court, Chief Justice Bermudez, in the Poydras

Asylum case gave his concurrence to the principles enunciated in the case at bar.

Judge Manning was equally as emphatic in expressing his dissent in Orphan Asylum vs. Tax Collector, 37 An. 70.

As maintaining uniform interpretation upon the subject of repeal by Art. 118, he cited New Orleans vs. St. Patrick Hall, 28 An. 512, and others to the same effect.

The uniformity of interpretation was absolutely unbroken in 1879, and the limitation of exemption from taxation of property actually occupied by charitable institutions clearly announced.

In the face of the article of the Constitution (118 of 1868), and of the decisions limiting the exemptions as before stated, the article of the present Constitution was adopted containing the following: "Provided, the property so exempted be not used or leased for purposes of private or corporate profit or income."

This proviso is as broad and comprehensive as was the Article 118, of the Constitution of 1868.

The plaintiff in the case at bar seeks to reopen the question of the effect of the proviso of Art. 207 of the Constitution of 1879.

The repealing effect of the article was pleaded when the case was tried.

It was controverted from different points of view, and the repealing effect of the proviso was argued and reargued.

But waiving, *argumenti gratia*, the final disposition heretofore made of the case and reconsidering the proposition argued we do not discover that too great a scope was given to the proviso.

The property of charitable institutions leased and yielding a revenue had never been construed, prior to the Constitution of 1879, as part of the institution not subject to taxation.

It was property not free from taxation.

The present Constitution has not materially changed the exemption in this respect from what it was under the preceding Constitution.

Under both, charitable institutions have not, in themselves, elements of property as understood in commerce, unless they choose to invest in property and collect revenues.

Such property, when they choose to thus invest, is not exempt from taxation.

Counsel for the plaintiff argues that the proviso in question
46

can not, in the construction of the article, relate back to the word "property" in the third line before the word used.

As to public property and other property which can not be within the scope of the proviso, we think it sufficient answer to state that the proviso may apply to part of the property exempt in the body of the article, and that it may be that it can not in the nature of things be made a limitation in exempting other property.

Public property and its revenues are not subject to taxation, and therefore not within the intendment of the proviso.

The State for obvious reasons does not impose taxes upon her property and upon its revenues.

This property would be exempt without any law on the subject.

It does not follow that the other institutions referred to are not within the scope of the article when they own property yielding a revenue. *Utile per inutile non vitiatur.*

Questions of the great good accomplished by charitable and other similar institutions, however much they appeal to our sympathies, should have no weight in determining the meaning of an article of the Constitution.

A rigid adherence to the fundamental law recommends itself as highly proper in enforcing any of its provisions.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed at appellants' costs.