On Motion to Dismiss.
NICHOLLS, J.
Plaintiff sued the defendants to recover a judgment in solido from them in the sum of $30,000 for damages for the death of her husband, alleged to have been caused by the fault of the two defendants. The case was tried before a jury, •which returned on the 2'lst day of January. 1908, a verdict for $5,000 in favor of the plaintiff against the defendants, and on the ■same day the court rendered judgment for that amount in conformity to the verdict. On the 24th of January, 1908, Robert Powell, one of the defendants, applied to the court for a rule on the plaintiff to show cause why .a new trial should not be granted. On February 10th, the court acted upon this motion. It ordered that a new trial should be granted unless the plaintiff should remit the excess •of the amount of the verdict over $2,000.
It granted five days to plaintiff to this end, and declared .that upon compliance the verdict would be sustained for $2,000, and the new trial refused. On the same day the plaintiff, through her counsel, remitted $3,-000 of the verdict, and consented and agreed to have the judgment reduced from $5,000 to .$2,000. On the same day the court, reciting the fact of such remittitur, reduced the verdict to $2,000, and refused the new trial.
On the same day, reciting the fact of the verdict and of the first judgment rendered thereon and the ruling of the court on defendants’ motion for a new trial and the remittitur of the plaintiff, the court entered judgment against the defendants in solido for the sum of $2,000, with interest from the date of the judgment, decreeing that this judgment should supersede and take the place of the judgment which had been previously entered on the verdict. On the 20th of February the New Orleans Railway & Light Company applied for and obtained an order for an appeal suspensive or devolutive from the judgment of February 10th, and executed a bond for $3,500. On March 11th the defendant Robert Powell applied for and obtained an order for a devolutive appeal, the court fixing $25 as the amount of the bond to be furnished. A bond was subsequently executed under this order.
In this court, the plaintiff moved to dismiss the appeal, on the ground that: First. Robert Powell had not furnished a bond of appeal in accordance with law.
Second. That the Supreme Court was without jurisdiction, for the reason that, while the suit filed by plaintiff and appellee originated in a claim for an amount within its jurisdiction, a judgment was rendered for $5,000 in favor of plaintiff against the defendants, but under orders of the district court a remittitur of $3,000 was made, leaving the only amount in dispute a claim of plaintiff in the sum of $2,000, and consequently the Supreme Court was without jurisdiction.
The motion for a dismissal, grounded on the allegation that the defendant Powell had not executed a bond as required, is not supported by the facts. On the second ground assigned for a dismissal, we find that the trial judge, on the very day the verdict was returned, rendered (though he did sign) a judgment in conformity thereto, but that it was set aside and replaced by a later judgment, which judgment was rendered after plaintiff’s remittitur had been made. The rqmittitur was therefore made after verdict, but before judgment. The plaintiff did not enter this remittitur under reservation of an exception to the right of the district judge to, require him to make it under penalty, should it not be made, that a new trial *39 would be granted. She acquiesced in the action of the court and made the remittitur.
Defendants resist the motion to dismiss. They urge that a remittitur, made by a plaintiff after a verdict had been rendered, which reduces the judgment to an amount less than that which would have authorized it to be brought on appeal to the Supreme Court, is without effect when the original demand was for an amount appealable to the Supreme Court.
They cite this court as saying in State ex rel. Orleans Railroad Co. v. Lazarus, Judge, 34 La. Ann. 865:
“It is settled beyond the possibility of doubt that although in an appealable case the plaintiff may render the cause unappealable by making a remittitur before judgment, still he cannot do so after judgment. That is no new question.” Wolf v. Munzenheimer, 14 La. Ann. 114; Le Blanc v. Pittman, 16 La. Ann. 430; State ex rel. Western Tel. Co. v. Judge of Seventh Dist. Court of Parish of Orleans, 21 La. Ann. 728, and authorities cited in 21 La. Ann.
The remittitur made in that case was after judgment, and the appeal to the Supreme Court was sustained though the remittitur (after judgment) had reduced it to an amount below the appealable jurisdiction of that court.
Defendants refer the court to its action in Gayden v. Louisville, Nashville, New Orleans & Texas R. R. Co., 39 La. Ann. 269, 1 South. 792, in which plaintiffs sued defendant to recover a judgment for $4,000. The issues were submitted to a jury, which returned a verdict in favor of the plaintiff for $500.
An offer was then made by plaintiff to enter a remittitur for all demands exceeding $2,000. To this defendants objected as concerned their right of appeal. The court sustained the objection allowing the motion, however, but without prejudice to the right of appeal. There was judgment for $500 for plaintiffs, from which defendants appealed to the Supreme Court. The plaintiff also appealed, but failed to protect the appeal. Plaintiff moved to dismiss the appeal.
In disposing of the motion, the court said:
“It is true that party plaintiff has the right to discontinue his suit, but that privilege cannot be exercised under any and.all circumstan.ces. The law discriminates.”
Where the suit is before the judge alone, the discontinuance can be allowed only when asked before, never after, judgment. CodePrac. art. 491.
Where the suit is before a jury, it must be asked before the case is submitted to the-jury until the moment when the jury is about to retire. Code Prac. art. 532. Where there is a reconventional demand, the plaintiff is not permitted to discontinue so as to affect that demand. That doctrine has been announced in several cases (citing them). A remittitur is in the nature of a discontinuance, and is governed by the same rules.
After the defendant had appealed, the plaintiff himself appealed. It is true he did not perfect his appeal, but the fact remains that he considered the case as appealable, otherwise he could not have appealed.
The court concluded that the remittitur entered into did not prejudice the right of the defendant to appeal.
The last case cited by defendant is that of New Orleans-Ft. Jackson R. R. Co. v. McNeely, 47 La. Ann. 1298, 17 South. 798, in which plaintiff sued to expropriate a small triangle of land for which it tendered the-sum of $50. In its answer defendant claimed damages and attorneys’ fees in a sum exceeding $3,000. The case was tried before a jury, which returned a verdict for $500. After the verdict, defendant abandoned the demand in reconvention for damages and entered a remittitur of $1, thereby reducing the verdict to $499, and judgment was rendered for that amount. The plaintiff appealed to the Supreme Court, and a motion was made to dismiss the appeal on the ground that the court was without jurisdiction ratione materiae. The appeal was sustained, the court saying:
*41 “With reference to the jurisdiction of this ■court ratione materise, it is settled that a remittitur after the verdict has no more effect ■on the rights of the appellant than a remittitur has after judgment in a case not tried by a jury. It is governed by. the same rule in so far as relates to appellant’s right of appeal.”
It will be seen that in the cases cited a •distinction was made between remittiturs made after judgment rendered by the court ;and those made after verdicts of a jury. The court considered remittiturs- in the light of •discontinuances, and assimilated verdicts of juries to “judgments,” and applied the provisions of article 532, Code Prac., to the ■cases before it, deciding them on the ground that the parties making the remittiturs had no right to make them at the time and under the circumstances they did to the prejudice ■of the rights of the other party, and therefore the cases were before it — so far as the latter were concerned — precisely as if such -remittiturs had not been made. On that -theory plaintiff’s demand stands quoad the .defendant just as it stood originally, though in point of fact the only matter in dispute .-between the parties which is before us is in reference to the correctness of a judgment -for only $2,000. The fact that plaintiff may have been to some extent coerced into making a remittitur is not a matter to be urged in his favor, inasmuch as the case would be before us had such remittitur not been made, .as a demand for an amount bringing it within the appellate jurisdiction of this court. The effect of the remittitur was not to .make the judgment of the district court final. Plaintiff still has a right of appeal left to her — a right of appeal to the Court of Ap.peal with the right granted to both parties to apply to this court for a writ of review ¿from the action of the Court of Appeal.
The motion to dismiss the appeal is not well grounded; it is refused, and the appeal iis maintained.