No. 3393

Second Circuit

RODEN v. ALDY

(December 19, 1928. Opinion and Decree.)
(January 21, 1929. Rehearing Refused.)

Foster R. Taylor, of Arcadia, attorney for plaintiff, appellee.

H. W. Ayres, of Jonesboro, attorney for defendant, appellant.

WEBB, J. Plaintiff, F. M. Roden, sued defendant, Joe Aldy, to recover judgment for one hundred fifty dollars, alleged to have been due for a broker's commission on the sale of certain real estate, and defendant appeals from a judgment rendered against him for one hundred dollars, with interest and costs.

Plaintiff moves to dismiss the appeal on the ground that this Court is without jurisdiction, as the record shows that after the cause had been tried and submitted to the Court, and a decree rendered in favor of plaintiff for one hundred dollars, that pending the drafting and signing of the judgment, plaintiff filed a remittitur, reducing the amount of his claim to one hundred dollars.

## ON MOTION TO DISMISS

It is conceded that the remittitur could not have rendered the cause unappealable if it had been filed subsequent to the signing of the judgment (Wolf vs. Munzenheimer, 14 La. Ann. 114; LeBlanc vs. Pittman, 16 La. Ann. 430; State ex rel. Judge, 21 La. Ann. 728), but it is contended that

the remittitur having been filed before the judgment was signed, the actual amount in controversy before the Court was only one hundred dollars, and thus below the jurisdiction of this Court.

Concededly, the cause involved an amount within the jurisdiction of this Court, at the time it was submitted to the Court, and at the time the decree was rendered, and we do not think that the plaintiff could, after the rendition of the decree, have changed the situation by entering a remittitur after that time without the consent of the defendant (Trenchard vs. N. O. Ry. & Light Co., 123 La. 36, 48 So. 575), and the appeal is therefore sustained.

## ON THE MERITS

The pleadings are somewhat vague as to the exact agreement under which plaintiff claims to have been entitled to the commission claimed. Considered, however, in connection with the testimony of the parties, it appears that the plaintiff, with the consent of the defendant, undertook to find a purchaser for real estate belonging to the defendant at a price above twenty-five hundred dollars, with the understanding that he would receive as his commission all above twenty-five hundred dollars at which the property should be sold.

Concededly, plaintiff did not find a purchaser who was willing to pay more than twenty-five hundred dollars for the property, but he contends that as the defendant had sold the property to one with whom he had negotiated for twenty-five hundred dollars and was given the right to remove the improvements, that defendant should pay the commission.

The evidence establishes that plaintiff was not given any fixed time within which to find a purchaser for the property, and that after he had tried for a considerable period of time to find a purchaser for the property at a price above twenty-five hundred dollars, defendant informed him that he would revoke the mandate and sell the property himself, which was not objected to by plaintiff, further than that he insisted defendant should not sell to anyone with whom plaintiff had negotiated, which was not acceded to by defendant.

There is not any indication that the mandate was revoked by defendant for the purpose of dealing with persons with whom plaintiff had negotiated on more favorable terms to defendant, nor is it shown that the person to whom the property was sold was willing to pay more than twenty-five hundred dollars for the property, but it is established to the contrary, and that the improvements on the property were regarded by him as worthless, and that it was to his advantage to have them removed without cost.

Defendant, after giving the plaintiff a reasonable time in which to find a purchaser for the property at a price above twenty-five hundred dollars, and plaintiff failing to produce a purchaser at such price, had the right to revoke the mandate without any restrictions as to whom or at what price he should thereafter sell the property (C. C., Art. 3029), and it not appearing that the revocation was collusive, plaintiff did not have any cause of complaint, and although the efforts of plaintiff may have been of benefit to defendant, having failed to produce a purchaser at a price above twenty-five hundred dollars, he could not claim any commission under the contract.

The judgment appealed from is therefore annulled, avoided and reversed, and it is now ordered that the plaintiff's demands be rejected at his cost.