143 So. 329

**NOBLE v. LANDRY.**

No. 29534.

April 22, 1929.

Rehearing Denied Feb. 3, 1930.

Appeal Dismissed Feb. 14, 1930.

Daly & Hamlin, of New Orleans, for plaintiff and appellee, defendant and applicant in reconvention.

Cobb & Jones, of New Orleans, for defendant and appellant, plaintiff and appellee in reconvention.

ST. PAUL, J.

Plaintiff sued for separation from bed and board; defendant joined issue and reconvened for the same relief. The trial judge rejected both demands, and both parties have appealed.

Plaintiff has filed a motion in this court to "discontinue this suit."

The motion, as a motion to *discontinue*, comes too late. A plaintiff may indeed discontinue his suit if so minded (though not to the prejudice of a reconventional demand), but he must do so before judgment is rendered in the court below. Code Prac. arts. 491, 532; Trenchard v. N. O. Ry. & Lt. Co., 123 La. 36, 40, 48 So. 575.

On the other hand, if considered as a motion to *dismiss* plaintiff's own appeal, it is not consented to by defendant and therefore cannot be allowed. Where an appeal has been perfected and the jurisdiction of the appellate court has attached, the appeal cannot be withdrawn without the consent of all the appellees and of the court. Code Prac. arts. 594, 595, 901; Succession of Trouilly, 52 La. Ann. 276, 26 So. 851.

The motion is therefore denied.

On Plaintiff's Motion to Dismiss Appeal of Defendant in Reconvention.

BRUNOT, J.

The plaintiff sued the defendant, his wife, for a separation a mensa et thoro on the ground of cruel treatment. There are no specific allegations, in the petition, of the alleged cruel treatment beyond occasional spats and quarrels between the spouses. The defendant's answer is, in effect, a general denial coupled with a reconventional demand, wherein similar allegations are made against the plaintiff, and, in addition to a prayer for judgment in her favor on her reconventional demand, she also prayed for an order directing the plaintiff to show cause why he should not be condemned to pay her alimony pending the final decree of divorce in the case.

When the case was called for trial, the plaintiff moved the court to strike out defendant's reconventional demand. This motion was heard and denied. Defendant then objected to the introduction of any evidence in support of the allegations of plaintiff's petition upon the ground that the petition did not disclose a right or cause of action. The trial judge sustained this objection and, with the consent of the defendant and plaintiff in reconvention, rendered the following judgment:

"Whereupon counsel for defendant objected to any evidence being heard on the plaintiff's petition on the ground that same set forth no cause or right of action.

"When, after hearing argument of counsel, the Court being of the opinion for the reasons dictated to the stenographer to be reduced to writing and filed in the record, that the objection is well taken.

"It is ordered, adjudged and decreed that the objection be maintained and the suit of the plaintiff be dismissed at his costs.

"And thereupon counsel for defendant and reconvenor having stated that in his opinion the defendant's reconvention was in the same category as the plaintiff's main demand and the court, for the reasons orally assigned, being of the same opinion.

"It is ordered, adjudged and decreed that the defendant's reconventional demand be rejected at her costs."

Both the plaintiff and defendant appealed from the foregoing judgment.

After the transcript was filed in this court the plaintiff moved to discontinue his suit or dismiss his appeal. This motion was submitted and, in denying it, we held that a motion to discontinue a suit comes too late if filed after the judgment is rendered, citing as authority therefor Code Prac. arts. 491, 532; Trenchard v. New Orleans Ry. & Lt. Co., 123 La. 36, 40, 48 So. 575. We also held that where the jurisdiction of the appellate court has attached the appeal cannot be dismissed unless all parties to the appeal consent thereto, citing Code Prac. arts. 595, 901; Succession of Trouilly, 52 La. Ann. 276, 26 So. 851.

The matter now before us is a motion filed by the plaintiff to dismiss the appeal of the defendant and plaintiff in reconvention. This motion is based upon the theory that defendant and reconvenor, by consenting to the rendition of the same judgment upon her reconventional demand as was rendered against the plaintiff on his demands, has ac-

quiesced in that judgment. The judgment itself and the defendant's appeal therefrom, after the plaintiff had perfected his appeal, lead us to the conclusion that she consented to the dismissal of her reconventional demand only in the event the judgment finally disposed of all of the demands of her husband as well as those of herself.

Under the circumstances, and inasmuch as the motion to discontinue or dismiss the appeal of the plaintiff has been denied, we are of the opinion that we cannot now, legally or equitably, sustain the motion we have under consideration, and it is therefore denied.

This appeal was dismissed on joint motion of counsel in the cause.