## SALVANT v. ESTATE OF FRANK NEWFIELD, INC.

----

(May 19, 1930. Opinion and Decree.)

----

Ed. J. DeVerges and Lubin F. Laurent, of New Orleans, attorneys for plaintiff, appellee.

Bond, Curtis, Hall & Foster, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. This is a suit for the sum of $225 damages resulting from the defendant's float or truck colliding with the plaintiff's parked automobile on Chartres street, this city, on January 26, 1929, at about 2 o'clock p. m. Plaintiff alleges that he parked his Oldsmobile coach automobile on the river side of Chartres street between Dumaine and St. Ann streets, and that, while the automobile was so parked, the defendant's float or truck which was drawn by a team of horses ran into the automobile and caused the alleged damage; that the accident was the result of the negligence of the defendant in permitting its team to run on the streets without a driver or attendant.

The defendant denied liability, and averred that the horses were gentle and well broken, and that the left rear wheel of the truck or float was chained as required by the ordinance of the city of New Orleans, when the attendant or driver stopped at 224 Chartres street, for the purpose of delivering certain merchandise, that, while the said driver was in the place of business of Kelly Abadie Company at the said address, the team of horses ran away, and

that therefore the accident was the result of causes beyond the control of defendant and its employee.

On the trial of the case on the merits, there was judgment in favor of the plaintiff as prayed for, and defendant has appealed.

The record shows that the plaintiff had parked his automobile as alleged in the petition, and that it was badly damaged as a result of the defendant's float or truck running into it. It is clear that the amount of damage claimed resulted from the accident, and the estimate for the repair of it is reasonable. The evidence shows that the horses were gentle and well broken.

The question before the court is whether or not the wheels of the float or truck were properly chained or fastened when the driver left the team on the street in order to make the delivery of merchandise.

The plaintiff, having established that the alleged damage to his automobile was caused by the defendant's team of horses running away and colliding with his automobile, made out a prima facie case. The defendant then had the burden of proving itself free from negligence and fault. Damonte vs. Patton, 118 La. 530, 43 So. 153, 8 L. R. A. (N. S.) 209, 118 Am. St. Rep. 384, 10 Ann. Cas. 862; Trenchard vs. N. O. Ry. & Light Co., 123 La. 36, 48 So. 575.

The defendant's driver testified that he did chain the left rear wheel before leaving the team, and that he had been gone about two minutes when he was told that the horses had run away. He immediately ran behind the team, but the collision occurred before he reached the horses; that he picked up in the street a piece of chain about fourteen inches in length, and also his coat and the cushion which were on the vehicle at the time he left it. His testi-

mony is corroborated by Frank Newfield, president of the defendant company, who testified that, when he arrived at the scene of the accident, he found his brother, Paul Newfield, there, and that he noticed a part of the chain still hanging from the rear part of the truck. Jean Jacques also corroborated the driver by testifying that the driver had put a small piece of chain about fourteen inches in length and a coat and whip at the place where the witness worked on Chartres street, but that the piece of chain was mislaid so that the defendant was unable to produce it at the trial of the case. Paul Newfield, who was also connected with the defendant company, was not produced as a witness, and the record does not show that he was unavailable as a witness.

To rebut this evidence, Corporal William Dowry of the New Orleans police department, Robert Frost, a disinterested eyewitness, and plaintiff testified that immediately after the accident the spokes and rim of the wheel of the truck or float were examined, and that there was not any evidence of marks where it was chained; that they did not see any piece of chain hanging on the truck or float; that the policeman asked the driver if he had chained the wheel, and the driver hesitatingly said, "Yes sir." These witnesses also testified that Paul Newfield, after coming to the scene of the accident, admitted liability, and agreed to pay plaintiff for his damage.

The traffic ordinance of the city of New Orleans, which reads as follows, was introduced as evidence:

General Traffic Ordinance 7490, C. C. S., art. VIII, sec. 6:

"No horse or mule shall be left unattended in any street or highway unless securely fastened, or unless the wheels of the vehicle to which he is harnessed are securely tied, fastened or chained, and the vehicle is sufficient in weight to prevent its being dragged at a dangerous speed with its wheels so secured."

The only direct testimony that the wheel was chained is the evidence of the colored driver of the team. The record shows that the float or truck of the defendant, after going some six blocks, collided with great force with the plaintiff's automobile. It appears that, if the wheel had been properly chained, it would have been impossible for the team to have dragged the heavy float with any degree of speed for that distance. We also believe that, if the wheel had been chained, there would have been some evidence of marks on the spokes or rim of the wheel indicating that sufficient force or pressure had been placed on the chain to cause it to break.

We note that Paul Newfield did not appear to testify, although he was present at the scene of the accident and admitted liability. His brother Frank Newfield testified that, when he saw his brother, Paul, in charge, he left the scene of the accident without paying any further attention to what happened.

We find that the preponderance of the evidence is with the plaintiff that the wheel of the vehicle was not chained as required by the ordinance of the city of New Orleans. We therefore find the defendant guilty of negligence.

It is negligence for the driver of a team of horses to leave them standing on the city streets, unattended or unfastened or with the wheels of the vehicle not chained in such a way as to prevent the vehicle from being dragged at a dangerous rate of speed, and under such circumstances the owner will be answerable for damages caused by the animals running away. Rev. Civ. Code,

art. 2321. See, also, Karstendiek vs. Jackson Brewing Co., 123 La. 346, 48 So. 958; Damonte vs. Patton, 118 La. 530, 43 So. 153, 8 L. R. A. (N. S.) 209, 118 Am. St. Rep. 384, 10 Ann. Cas. 862; Zambelli vs. Johnson & Son Company, Inc., 115 La. 483, 39 So. 501; Bull vs. Hotel Grunewald Co., 135 La. 802, 66 So. 227.

For the reasons assigned, the judgment appealed from is affirmed.

JANVIER, J., takes no part.