**162 So. 825**

### WRIGHT et al. v. UNITED GAS PUBLIC SERVICE CO. et al.

**No. 32683.**

July 10, 1935.

Sholars & Gunby and Madison, Madison & Fuller, all of Monroe, for appellants.

McHenry, Lamkin & Lamkin, H. D. Montgomery, and Charles Titche, all of Monroe, for appellees.

LAND, Justice.

The defendant United Gas Public Service Company filed an exception of nonjoinder which was sustained by the trial judge.

Before the judgment sustaining the exception had been read and signed in open court, counsel for plaintiffs filed a motion for a new trial, and then moved to dismiss the action as of nonsuit, and the trial judge complied with the request. From this judgment, the defendant has appealed.

The sole issue in the case, therefore, is whether the court may allow a plaintiff to take a voluntary nonsuit after an exception of nonjoinder has been sustained but before the judgment has been read and signed.

Appellant relies upon article 491 of the Code of Practice, which reads:

"The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs."

This article is found in chapter 4 [5], § 1, of the First Title of Part 2 of the Code of Practice. As that section deals with the trial on the merits, the introducing of evidence, etc., it is clear that article 491 of the Code of Practice, when read in connection with its context, relates to a judgment rendered on the merits, a final judgment deciding all the points in controversy between the parties, and not to an interlocutory judgment, which does not decide on the merits, but merely overrules an exception of nonjoinder, or an exception of vagueness, etc. Code Prac. arts. 537, 538, 539.

It might as well be contended that if one of several defendants sued in solido filed an exception ratione personæ because no service was made on him, or if an exception of vagueness was maintained, that a plaintiff would be precluded from taking a voluntary nonsuit, because judgment had been rendered against him.

The prohibition contained in article 491 against a plaintiff taking a nonsuit after "judgment being rendered," refers, without doubt, to a definitive or final judgment, which decides all the points in controversy between the parties.

■ The appellant's position that, after the court had sustained the exception of nonjoinder, had rendered a judgment, even though no judgment had been signed, that there could be no nonsuit, is not sustained either by the case of Trenchard v. N. O. Ry. & Light Co., 123 La. 36, 48 So. 575, nor by the case of State v. Rost, 48 La. Ann. 455, 19 So. 256, upon which appellant relies.

In the Rost Case the court held that, at all times, the plaintiff is master of the suit and may, prior to judgment, take a voluntary nonsuit in his discretion or at his pleasure. And in the Trenchard Case, the opinion clearly states that there had been a trial on the merits, and that plaintiff could not by remittitur reduce the amount of the judgment to prevent defendants from taking the appeal to which they were entitled.

And, finally, what harm or damage is done to, or inflicted upon, defendant by allowing the plaintiff a nonsuit after an exception of nonjoinder has been sustained? Defendant fails to show any disadvantage or injury whatever by entry of the nonsuit. The merits of the cause have not been passed upon; the court has merely rendered an interlocutory decree, in sustaining the exception of nonjoinder.

Judgment affirmed.