This is an action in trover to recover damages for the alleged tortious conversion by defendants of an automobile which the Auto Sales Company had previously sold to plaintiff. Defendants are the sole partners of said company. The price of the car, including carrying charges, was $319.90, of which $60 was paid in cash, while $10 thereof was carried on open account. Plaintiff gave his note to represent the balance of $249.90 payable in fifteen monthly installments of $16.66 each, secured by mortgage on the car. According to the mortgage the first installment was due June 18, 1941. It was paid three days after maturity. The installment due on July 18th was not paid. During the evening of July 25th, plaintiff drove the car to defendants' place of business in the City of Shreveport and parked it on or near their parking lot. Defendants took possession of the car at that time and afterwards sold it without reference to plaintiff's interest in it.
Plaintiff contends that defendants took possession of the car not only without his consent, but over his protest and objection, after which, he says, they ordered him from the premises with the admonition not to be seen thereon again. He testified that he stopped at defendants' office to pay the $10 he was due on account but that his offer to do so was refused. Defendants deny that they repossessed the car against plaintiff's will, but, on the contrary, assert that he willingly delivered the car to them after signing a retrocession thereof to their company in consideration of the cancellation of said mortgage note. However, they did not cancel the note nor surrender it to plaintiff. They continued to hold it until this suit was filed in August, 1941.
Plaintiff is positive that he did not sign a re-transfer of the car the evening defendants took possession of it.
The lower court evidently agreed with plaintiff's position in the case. Judgment for $76.66, the amount he had paid on the car's price, was awarded him. Defendants appealed. The appeal has not been answered by plaintiff. He filed a motion to dismiss it on the ground that the amount in controversy is now less than $100 since he has abandoned his demand for all items of damage sued for save that for which judgment was given. Appellants oppose the motion, assigning as reason for so doing, that when the case was submitted to the lower court considerably more than $100 was in controversy.
In addition to said $76.66, plaintiff sued for loss of use of the car and earnings it would have yielded for the period its possession had been denied him; for the illegal conversion of the car, $100, and for $100 attorneys' fee in the case.
It is clear from the testimony that the item of damage for loss of use of the car and its earnings has no merit. It is also certain that in a case of this character attorneys' fee is not a recoverable element of damage. However, if plaintiff's contention, as regards defendants' repossession of the car, is correct, such repossession was effected by force and trespass, and therefore illegally, on account of which he would be entitled to recover damages in excess of the amount paid by him on the price. Hitt v. Herndon, 166 La. 497, 117 So. 568.
Plaintiff's abandonment in this court of all items of alleged damages comes too late to affect the court's jurisdiction ratione materiae which must be gauged and determined from the amount in controversy when the case was submitted to the trial court for decision. The abandonment is tantamount to a remittitur pro tanto. Wright et al. v. United Gas Public Service Company et al.,183 La. 135, 162 So. 825; Noble v. Landry, 175 La. 367,143 So. 329; Trenchard v. New Orleans Railway Light Company et al.,123 La. 36, 48 So. 575; Shreveport Laundries, Inc., v. St. Paul-Mercury Indemnity Company, La.App., 169 So. 353; Roden v. Aldy, 9 La.App. 655, 121 So. 656.
The motion to dismiss is overruled.
Plaintiff, when confronted with the purported retrocession of the car admitted *Page 416 
that the signature thereon resembled his, but strenuously denied that he signed any paper whatever concerning the car the evening it was taken from him. He is corroborated by a negro boy who was working for defendants at the time. Both defendants are positive the instrument was then and there signed by plaintiff and they state there were other persons present when he did so. However, none of these persons were called to testify in their behalf. Defendants testified that the retransfer was signed in blank and was afterwards completed and signed by a notary public who did not see plaintiff affix his signature thereto. The notary was not called to testify. The instrument is not attested by witnesses.
No attempt, by expert testimony, was made to disprove the genuineness of plaintiff's signature to the retrocession. Notwithstanding he said the signature resembled his own, we unhesitatingly state that there is practically no resemblance between this signature and the genuine signatures of plaintiff on the note, chattel mortgage and the affidavit attached to his petition. We do not believe plaintiff signed the retrocession deed. If he did sign this paper, he did so in error and at the same time he signed the note and chattel mortgage. If he did so at that time, of course, the instrument would be wholly without binding effect.
It is a suspicious circumstance that the notary when filling in the blank spaces of the printed form of retrocession wrote the names of three different months in dating the document. "August" was written and partially erased, then another month was written just below that, which is indistinct, and finally over both, "July" was written.
The circumstances of the case strongly favor plaintiff's contention that the car was forcibly taken from his possession. Since his acquisition of it he purchased from defendants and installed therein a new battery and had them do repairs to it for all of which he paid. He had owned the car not over two months and it is shown that its condition when repossessed was as good as when purchased by him. He had invested in the car $76.66, besides the repairs and the cost of the battery and desired to continue his ownership of it. Even according to the stipulations of the mortgage he was in arrears only seven days on the second installment. Within two or three days after defendants took his car from him, through a brother-in-law, he twice offered to pay this installment and the $10 due on open account, and both offers were refused. This action on plaintiff's part is wholly incompatible with consciousness of lack of ownership.
It appears that defendants were unable to finance plaintiff's mortgage paper. The mortgage was not even recorded. We are forced to the conclusion that upon learning that the paper could not be financed, defendants determined to re-acquire the car without the expense of foreclosure and that their repossession of it was simply in pursuance of this determination. In acting as they did, defendants flagrantly violated plaintiff's property rights and must be held responsible to him to the extent authorized by law.
Since plaintiff has not answered the appeal, he is not entitled to relief in excess of that awarded by the lower court. Therefore, the judgment appealed from is hereby affirmed with costs.
DREW and HAMITER, JJ., concur. *Page 497