16 So.2d 825

**WOMACK et al. v. VARNADO.**
No. 37242.

Nov. 8, 1943.
Rehearing Denied Feb. 7, 1944.

Robert S. Ellis and Ponder & Ponder, all of Amite, for defendant-appellant.

Shelby S. Reid, of Amite, for plaintiff-appellee.

HAMITER, Justice.

Sixteen persons, invoking the provisions of Act No. 192 of 1920, as last amended by Act No. 120 of 1940, and alleging themselves to be residents and taxpayers of Tangipahoa Parish, instituted this proceeding against Lawrence F. Varnado to obtain the abatement of an alleged gambling nuisance, a place of business conducted by defendant under the name of "Uncle Bud's Cabin" and situated within the mentioned political subdivision.

Supporting and annexed to the petition of plaintiffs are affidavits of two other citizens in which there are detailed matters relating to defendant's operation of an asserted gambling house at the mentioned place.

After the suit's filing the district court ordered in writing that a rule be directed to defendant commanding him to show cause at a designated hour two days later why an injunction should not issue and the claimed nuisance abated; and it also caused the issuance of a temporary restraining order prohibiting the operation of defendant's place of business for any purpose pending the trial and determination of the rule.

On the rule's return day, defendant filed exceptions of no cause and no right of action, a plea of unconstitutionality of the statute on which the proceeding is predicated, and an answer. The exceptions and plea were overruled; then followed a trial of the merits of the rule. Plaintiffs were granted a judgment, the decretal portion of which reads:

"It is ordered, adjudged and decreed that an injunction issue herein restraining and prohibiting the defendant, Lawrence F. Varnado, from the operation of the gambling house known as 'Uncle Bud's Cabin' located in the Parish of Tangipahoa, State of Louisiana, about two and one half miles north of Kentwood, and further prohibiting and enjoining the said Lawrence F. Varnado, from conducting or being concerned in the conducting of a gambling house or other like nuis-

ance anywhere within the State of Louisiana; and

"It is further ordered and decreed that the said premises known as Uncle Bud's Cabin above described shall be closed for a period of one year from the date of this judgment, and prohibiting and enjoining its use for any purpose or purposes whatsoever during said period.

"It is further ordered that the defendant pay all costs of this suit."

When the case was called for argument in this court, defendant having perfected an appeal, there was presented and filed a written motion signed in proper person by six of the sixteen plaintiffs and carrying the written concurrence of defendant. In it movers prayed that the appeal be dismissed or, in the alternative, that the cause be remanded to the district court so that their names as petitioners might be withdrawn. They allege that instructions were given to their attorney to dismiss both the suit and the appeal for them; and further it is averred that "they were of the impression they were signing a general petition to remove gambling and slot machines from the Parish of Tangipahoa, which is not being done, and did not intend to single out one establishment against which suit would be filed, and further show that they have neither employed nor paid any attorney to represent them in any such court proceeding."

■ The appeal cannot be dismissed. The remaining ten plaintiffs and appellees, each of whom has a substantial interest in the outcome of the litigation, have not

joined in or consented to the motion. No withdrawal or dismissal of an appeal will be allowed, after jurisdiction of the appellate court has attached, unless consent to do so is given by all of the interested appellees. Code of Practice, Article 901; Succession of Trouilly, 52 La.Ann. 276, 26 So. 851; Noble v. Landry, 175 La. 367, 143 So. 329.

■ Neither do we think that there is merit to the alternative request to remand the case to permit a. withdrawal of movers' names from the petition, or, in other words, to effect a discontinuance of the suit as to them. A plaintiff cannot discontinue his action after the trial court's rendition of judgment. Code of Practice, Article 491; Trenchard v. New Orleans R. & Light Co., 123 La. 36, 48 So. 575; Noble v. Landry, supra.

The motion, therefore, is denied.

Defendant, the appellant herein, first urges that plaintiffs are without interest and cannot be heard in this matter because they do not constitute the ten or more taxpayers required by Section 3 of Act No. 192 of 1920, as amended by Act No. 120 of 1940. This section provides in part that "10 taxpayers, whether natural or artificial persons and whether citizens or non-residents, shall have the right to file a suit * * * to abate the nuisance created by such gambling house * * *."

■ In the record is a certified copy of the assessment roll of the Parish of Tangipahoa for the year 1942, being the last roll on file, which discloses that thirteen of the sixteen plaintiffs are assessed with real estate. Considering this, and there being nothing to show that they have since disposed of their property, it seems correct to say that those thirteen property owners are taxpayers within the meaning and intendment of the quoted statutory provision.

■ But defense counsel say that many of those persons are completely relieved from the payment of taxes by the homestead tax exemption allowance and hence they are not taxpayers. This argument is untenable. The assessed property is subject to taxation; and were it not for the Property Tax Relief Fund in the state treasury, created by Act No. 54 of 1934, and maintained by the proceeds of various taxes imposed by the Legislature, the payment of taxes by such owners would be required. From the mentioned Relief Fund there is reimbursed to the various tax recipients the amounts that they lose by the homestead exemption allowances; and if for any reason the Relief Fund should become inadequate to provide full reimbursement, the owner would be called upon and made to pay his assessed taxes less whatever amount is cared for by such Fund. A taxpayer, as the term is generally used, is one who owns property within the state or taxing district and who pays, or is subject to and liable for, a tax. 61 Corpus Juris, page 1748. The mentioned thirteen plaintiffs certainly come within this definition.

The unconstitutionality of Act No. 192 of 1920, as amended, is next claimed by appellant, one of the reasons assigned being that it is in violation of Article 3

of Section 16 of the Louisiana Constitution of 1921, reading: "Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object." In this connection defense counsel argues that the act embraces more than one object, and that its title is not indicative of its contents.

The invoked constitutional provision was considered in State v. Martin, 192 La. 704, 189 So. 109, and we said therein that a title must be a brief and convenient index to the contents of the statute, and it was not required to contain every detail appearing in the Act's body. Also we observed that the means adopted for carrying out a law need not be mentioned in the title since they did not constitute the law's object. In support of that construction, there was cited Marr's Criminal Jurisprudence of Louisiana, Volume 1, page 11, and numerous decisions of this court.

Unquestionably, the assailed act has but one object, it being to suppress gambling. Of course, there are referred to and provided for therein various procedural steps relating to the giving of notice, to the trying of actions, and to the punishment for contempt; but all of these are only means for the accomplishment of the one desired result, the suppression of gambling. Furthermore, the stated object is unequivocally indicated by the title. The quoted constitutional requirement, therefore, is fully satisfied.

It is also contended by defendant that the Act deprives a person of his property

without due process of law, violative of our State and Federal Constitutions, Const. La.1921, art. 1, § 2; Const.U.S. Amend. 14, in that Section 10 thereof authorizes the issuance of a temporary restraining order, prohibiting for any purpose the use of the place where said nuisance is averred to exist, solely and merely on the presentation of ex parte affidavits of two reputable citizens and without the necessity of the giving of notice; and he argues that such invalid section renders the entire statute unconstitutional.

It is unnecessary for us to pass upon the constitutionality of Section 10 of the Act, for in the instant case no contest was raised in the district court regarding the issuance of the temporary restraining order. Within forty-eight hours after that order was granted, there was duly and legally tried the rule to show cause of which defendant received the required notice; evidence was adduced by both sides, and from it the judge correctly concluded that a gambling house, as defined by Section 1 of the Act, was being conducted; and the authorized injunction, abating the proved nuisance, then issued. Thus, on the occurrence of the trial and the issuance of the injunction, the matter of the temporary restraining order passed from the case.

If it be assumed arguendo, however, that said Section 10 is unconstitutional, the remainder of the statute would not necessarily fall because of that. Where an unconstitutional portion of a statute is inseparable from the remaining provisions, the entire law is invalid.

Stewart v. Stanley, 199 La. 146, 5 So.2d 531; Ricks v. Close, 201 La. 242, 9 So.2d 534. But if the constitutional parts of a statute are independent of the invalid portion, the former will be permitted to stand. City of Alexandria v. Hall, 171 La. 595, 131 So. 722; State v. Bonner, 193 La. 402, 190 So. 626; Ricks v. Department of State Civil Service, 200 La. 341, 8 So.2d 49. Should Section 10 be stricken from the statute, the remaining portion would be complete in itself and capable of being enforced in accordance with the intention of the Legislature to suppress gambling. Consequently, the statute must be sustained.

Finally defendant urges that the provisions of Act No. 192 of 1920 which prescribe the procedure for trying the abatement action have been repealed and superseded by Act No. 29 of 1924 (the General Injunction Statute), he arguing that the latter Act "provides the exclusive method of restraining orders and preliminary injunctions and lays down the positive legal requirement that no injunction shall issue without notice and that no temporary restraining order shall issue except by a court which must state its reasons for the rendition of such restraining order * * *." We need not determine in this cause whether or not the suggested repeal and supersession was effected, because, if it be conceded that it was, there was timely and duly given to defendant the notice that is made a condition precedent by the Act of 1924 for the issuance of an injunction; and, further, the matter of the granting of a temporary restraining

order, as before shown, is not before us, it having previously passed from the proceeding.

No error is apparent in the judgment appealed from, and it is affirmed.

PONDER, J., recused.