TALIAFERRO, J.
Plaintiff, who had been a tenant of the defendant from April 1, 1947, until October 31, 1949, after vacating the leased premises, instituted this suit against his former landlord to recover the sum of Two Thousand Seven Hundred Ninety and No/100 ($2,-790) Dollars, being treble amount of alleged overcharge in rent demanded of and paid by him for said period, plus attorney’s fee and costs. The action is founded upon the Housing and Rent Act of Congress of the year 1947, Title 50, U.S.C.A.Appendix, § 1895.
The case was tried and submitted for decision on July 17, 1950, and judgment rejecting plaintiff’s demand was rendered on October 26th.
On November 30th plaintiff, by written motion, entered a remittitur for $1,800, reducing the principal of the demand to $990.
Judgment was signed on December 21st, from which plaintiff appealed to this Court.
We are of the opinion that the appeal should have been taken to the Supreme Court as the amount involved and in contest, when the judgment was rendered, is considerably in excess of Two Thousand ($2,000) Dollars, the upper limit of jurisdiction of this Court in a case of this character.
The general rule, expressed in many decisions of the Appellate Courts of this State, is that for Appellate jurisdictional purposes, a remittitur, to be effective, must *193 be entered prior to rendition of judgment. See: Norwood v. Lake Bisteneau Oil Company, 145 La. 823, 83 So. 25; Wolf v. Thomas, 137 La. 833, 69 So. 269; New Orleans, Fort Jackson & Grand Isle Railroad v. McNeely, 47 La.Ann. 1298, 17 So. 798; Roden v. Aldy, 9 La.App. 655, 121 So. 656.
We have to take judicial cognizance of our lack of jurisdiction in the case.
For the reasons herein assigned, this appeal is transferred to the Supreme Court, under the provisions of Act No. 19 of 1912, LSA-RS 13:4441, 13:4442. Plaintiff, appellant, is allowed sixty (60) days from finality of this order in which to perfect the appeal in that Court, and failing to do so in that period, the appeal will stand dismissed.