CARPENTER
*v.*
REYNOLDS.

---

## MITCHELL *v.* LAY et al.

The sale of property seized under a *fi. fa.* cannot be enjoined by the defendant in execution, on the ground that it does not belong to him, but to others; it is for the latter to resist the execution, if they desire to do so. If the property was in possession of defendant as agent for the owners, or as administrator of the succession of any one of them, he might have instituted proceedings, in their names, for their protection.

Where an injunction, arresting the sale of property seized under a *fi. fa.*, is dissolved on motion as to a portion of the property, but, after a trial on the merits subsequently had, is maintained as to the remainder, the creditor will not, by executing his *fi. fa.* against the portion as to which the injunction was dissolved, deprive himself of the right to appeal from the subsequent decree perpetuating the injunction as to the remaining portion.

APPEAL from the District Court of Caldwell, *Barry,* J. *Garrett,* for the plaintiff. *McGuire* and *Ray*, for the appellant, *Lay,* contended that plaintiff could not maintain an injunction on the allegation that the property does not belong to him, he complaining of no injury to himself. *Hudson* v. *Dangerfield,* 2 La. 66. *Seymour* v. *Bourgeat*, 12 La. 124. *Morgan* v. *Whitesides*, 14 La. 280. *Hatch* v. *City Bank*, 1 Rob. 470. The judgment of the court was pronounced by

SLIDELL, J. This action was brought for the purpose of enjoining the sheriff and *Lay*, from proceeding to the sale of certain property, seized under a *fieri facias* in the suit of *Lay* v. *Mitchell*. The plaintiff alleges that none of the property, the seizure of which has been notified to him, belongs to him; but that the whole of it belongs to other persons to wit: *Francis C. Mitchell, Joseph T. Mitchell, Jesse A. Sapp*, and the succession of *George Grimshaw*, of which he is administrator. On motion, the court dissolved the injunction as to all the property, except that alleged to belong to the estate of *Grimshaw*; and, after a trial on the merits, the injunction was made perpetual as to the property belonging to *Grimshaw's* estate.

A defendant in execution has no right to enjoin the sale of property seized under a writ against himself, because it belongs to other persons. The purpose of the remedy is to prevent an injury to the complaining party. If the owners of the property desired to resist the execution, it was their province, not *Mitchell's*, to do so. If the property was held by *Mitchell*, as the agent of the owners, which, with the exception hereafter noticed, was not alleged, he

75

MITCHELL
*v.*
LAY.

might, as agent, have instituted proceedings in their names, and for their protection. But, as the case stands, the action of *Mitchell* is gratuitous.

It is true that, if the purchaser at a sheriff's sale of property not belonging to the defendant is evicted by the owner, the defendant in execution is liable to an action for the reimbursement of the price paid, which has gone to his credit, and may thus be exposed to future expense and litigation. But this the debtor may easily avoid, by paying his judgment creditor, so that this argument presents no equity.

As to the property which he possessed as administrator, it is quite clear that an administrator has authority, and that it is his duty, to protect the estate from seizure for the debt of another; and, if the property really belonged to the succession, we should attach no importance to the circumstance that the notary has omitted to describe it properly in the inventory. But, in the present case, the plaintiff did not bring suit as administrator, but in his individual capacity. The injunction bond is in his individual name, and the proceedings are so framed that they would not bind the succession as *res judicata;* nor could the succession be liable in damages upon a dissolution of the injunction.

It has been urged by the appellee that *Lay*, by proceeding to execute his *fieri facias* against that portion of the property as to which the injunction was dissolved upon motion, deprived himself of the right to appeal from the subsequent decree, perpetuating the injunction as to another portion. In this view we do not concur. The decrees were not indivisible.

It is, therefore, decreed that, the judgment of the court below, which sustained the motion to dissolve, be affirmed. It is further decreed that, the judgment of the court below, perpetuating the injunction, be reversed; that the suit of plaintiff be dismissed, with costs in both courts; and that the defendant, *Benjamin Lay*, recover of the said *William W. Mitchell*, and of *Aaron P. Ryan* and *Charles Newburger*, his sureties, *in solido*, the sum of $100, as damages.

---

## SAME CASE—APPLICATION FOR A RE-HEARING.

*Garrett*, prayed for a re-hearing, as to the sureties, on the ground that they were not made appellees, citing *Spurlock* v. *Hunter*, 12 La. 370. On this application the judgment of the court was pronounced by

SLIDELL, J. It is ordered that the judgment remain undisturbed, except only so far as concerns the sureties, *Ryan* and *Newburger*, as to whom a rehearing is granted, on the point in their behalf presented; and that, as between plaintiff and defendants, the mandate of this court issue to the court below.