(74 South. 183)

No. 20592.

TREMONT LUMBER CO. v. TALBOT et al.

(June 30, 1916. On Rehearing, Feb. 12, 1917.)

*(Syllabus by the Court.)*

1. COURTS ⊙ 224(11)—JURISDICTION ON APPEAL — INJUNCTION — AMOUNT IN CONTROVERSY.

Where a tract of land is seized and advertised for sale to satisfy a judgment against the owner, and a third party, claiming the forest timber and the right of entry on the land, obtains an injunction against any interference with his rights, and the defendant in the injunction suit concedes the plaintiff's ownership of the timber and right of entry on the land, but contends that they should not interfere with the collection of the debt due him, the amount of the debt, and not the value of the plaintiff's property rights, determines the jurisdiction of the injunction suit on appeal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 617.]

*(Additional Syllabus by Editorial Staff.)*

On Rehearing.

2. COURTS ⊙ 224(9) — APPELLATE JURISDICTION—INJUNCTION—AMOUNT.

Where the sale of property is enjoined because not belonging to debtor in execution, the court's jurisdiction is regulated by the value of the property, and where the timber was sold in 1906 for $120, and there was no showing of value to the Supreme Court's minimum jurisdiction of $2,000, except a formal jurisdictional allegation in the sworn petition of injunction that the timber and right of entry, etc., were worth more than $2,000, there was no proof of real value, and the cause would be transferred to the Court of Appeal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 617.]

Appeal from Fifth Judicial District Court, Parish of Jackson; Cas Moss, Judge.

Suit for injunction by the Tremont Lumber Company against S. N. Talbot and others. Judgment for plaintiff perpetuating the writ of injunction, and defendant Talbot appeals. Ordered that cause be transferred to Court of Appeal, to which appeals from parish of Jackson are returnable.

Wm. J. Hammon, of Jonesboro, for appellant. Grisham & Oglesby, of Winnfield, for appellees.

O'NIELL, J. On the 5th of October, 1905, Duncan Johnson mortgaged to Anderson Wiley about 52 acres of pine timber land, to secure the payment of a promissory note for $337.50. On the 23d of June, 1906, for the cash consideration of $120, Johnson sold the pine timber, with the right to construct tramways upon the land, to the Tremont Lumber Company. The right of the grantee to go upon the land to remove the timber was limited to four years from the date of the contract. On the written authority of Wiley, his mortgage was released and canceled in so far as it affected the timber sold to the Tremont Lumber Company. On the 11th of April, 1908, for the cash consideration of $50, Johnson granted an extension of the time within which the timber was to be removed

from his land, and within which the grantee had the right of entry and the right to use a tramroad on the land, to the 23d of June, 1915. On the 18th of November, 1908, Wiley obtained a judgment against Johnson on the mortgage note of $337.50, with interest at 8 per cent. per annum from the 15th of November, 1907, and 10 per cent. attorney's fee. In December, 1913, a writ of fieri facias was issued on the judgment at the instance of S. M. Talbot, claiming to be the transferee of the judgment rendered in favor of Wiley; and the 52 acres of land was seized and advertised to be sold by the sheriff on the 17th of January, 1914. On the 16th of January, 1914, the Tremont Lumber Company filed this suit and obtained a writ of injunction restraining the sale of the pine timber on the land and preventing any interference with the company's right to go upon the land with tramroads to remove the timber at any time before the 23d of June, 1915.

In answer to the injunction suit, the defendant Talbot admitted that the plaintiff in injunction was the owner of the timber, and that it was not subject to seizure in satisfaction of his mortgage note. He conceded that the plaintiff had the right to go upon the land with teams and remove the timber at any time before the 23d of June, 1915; his only contention being that his right to collect his mortgage note should not be impaired by the extension of the time within which the plaintiff might construct and operate a tramway, from the 23d of June, 1910, to the 23d of June, 1915. Judgment was rendered in favor of the plaintiff, maintaining and perpetuating the writ of injunction, restraining Talbot from interfering with the plaintiff's right to remove the timber, and to operate a tramroad on the land until the 23d of June, 1915. The defendant Talbot appealed.

As this case was not assigned for hearing in this court before the 23d of June, 1915, this is now perhaps a moot case. It is also apparent that the amount involved is not within our jurisdiction. The defendant does not dispute the plaintiff's title to the timber nor the plaintiff's right to enter upon the land. The only contest was as to whether the plaintiff's right to construct and operate a tramway until the 23d of June, 1915, could interfere with the right of the defendant Talbot to collect his note of $337.50. There is no proof in the record to support the plaintiff's allegation that its rights were worth $2,000; and our opinion is that the allegation is an exaggeration. Be that as it may, the plaintiff's property rights were never in contest, except in so far as they might interfere with the collection of the amount claimed by Talbot, which is far below our jurisdiction.

The appeal is therefore dismissed at the cost of the appellant.

### On Rehearing.

PROVOSTY, J. Execution having issued upon a judgment, and a certain tract of timber land having been seized, plaintiff claims in this suit the ownership of the timber, as having acquired same from the defendant in execution, and claims also the right to go upon the land and construct thereon a tramroad for the removal of the timber; and has enjoined the sheriff and the plaintiff in execution from proceeding with the said seizure in so far as the timber is concerned, and further from interfering with the construction of such tramroad and the removal of the timber.

Where property is enjoined from being sold, as not belonging to the debtor in execution, the matter in dispute is the property; and the jurisdiction of the court is regulated by its value. The said timber was sold to plaintiff in 1906 for $120. The difference between that sum and the lower limit of the jurisdiction of this court—$2,000—is so great

that some showing should have been made on the question of jurisdiction; and none has been made, unless the mere formal jurisdictional allegation in the petition of injunction, that the said timber and the right to build said tramroad are worth more than $2,000, is to be accepted as making such proof. True, the petition is sworn to; but, in so far as this allegation of value is concerned, this oath, too, we must consider to have been merely formal, and to be no proof of real value.

It is therefore ordered, adjudged, and decreed that this case be transferred to the Court of Appeal, to which appeals from the parish of Jackson are returnable.