(83 South. 25)

No. 22982.

NORWOOD v. LAKE BISTENEAU OIL CO.

(May 27, 1918. On the Merits, June 30, 1919.
Rehearing Denied Oct. 14, 1919.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR ☞62 — COURTS ☞
224(11) — APPELLATE JURISDICTION DETER-
MINED BY AMOUNT IN CONTROVERSY AT ENTRY
OF JUDGMENT.

Appellate jurisdiction must be determined
by the amount in contest at the time the judg-
ment appealed from was rendered, and appellee,
by abandoning part of his demand, or acquiesc-
ing in that part of the judgment which went
against him, cannot destroy appellant's right
to appeal, or change the appellate forum.

On the Merits.

2. TIME ☞9(2) — LAST DAY ALLOWED IN
RECKONING PRESCRIPTION.

Under Employers' Liability Act, § 31, pro-
viding that all claims for compensation shall
be forever barred unless proceedings have been
begun within a year, where the accident occurred
March 23d, and the petition was filed on March
22d of the following year, and citation served on
the 23d, the action was commenced in time, in
view of Civ. Code, art. 3467, declaring time re-
quired for prescription shall be reckoned by
days, not hours.

3. MASTER AND SERVANT ☞401 — INJURED
SERVANT MAY BRING ORDINARY ACTION OR
IN ALTERNATIVE UNDER EMPLOYERS' LIABILI-
TY ACT.

An injured servant may proceed for dam-
ages under Civ. Code, art. 2315, by an ordinary
suit, and in the alternative for compensation
under the Employers' Liability Act, and de-
fendant cannot complain of being allowed 10
days to answer, instead of 7, as under summary
proceedings under sections 17 and 18 of such act.

4. APPEAL AND ERROR ☞843(2)—UNNECES-
SARY QUESTIONS NOT DETERMINED.

Having determined that the service of cita-
tion by an injured servant was in time to in-
terrupt the prescription or limitation of Em-
ployers' Liability Act, § 31, it becomes unneces-
sary to consider defendant's contention that
Act No. 267 of 1914, § 27, declaring that the
mere filing of suit against a corporation shall
have the effect of interrupting prescription, does
not apply to the case.

5. MASTER AND SERVANT ☞385(13) —
AMOUNT OF COMPENSATION UNDER EMPLOY-
ERS' LIABILITY ACT.

For a case to come within one of the provi-
sions for personal injuries specified in Employ-
ers' Liability Act, § 8, subsec. (c), for the loss
of a finger, thumb, etc., the member must have
been severed or amputated; but where per-
manently disabled, partly or totally, but not
severed, the compensation is measured by the
general provisions of the first paragraph of sub-
section (c).

6. MASTER AND SERVANT ☞385(12) — COM-
PENSATION FOR LOSS OF MEMBER UNDER EM-
PLOYERS' LIABILITY ACT.

Employers' Liability Act, § 8, subsec. (c),
providing payment shall not be made "under
more than one clause of such subsection," nor
after the "employé is able to earn as much as
before the accident," does not limit compensa-
tion for the loss of three fingers to that for loss
of one, nor preclude payments to one who went
to his work and was paid the same wages as
before, and was discharged after eight months,
but was not at such time able to do his work
without help of other servants.

7. COSTS ☞234—COST OF MODIFYING JUDG-
MENT FOR PLAINTIFF.

Judgment for plaintiff for personal injuries
may be reduced on appeal, and costs taxed to
defendant, in view of Act No. 229 of 1910, vest-
ing discretion as to costs in appellate courts.

Appeal from Eleventh Judicial District
Court, Parish of Red River; W. T. Cunning-
ham, Judge.

Action by T. T. Norwood against the Lake
Bisteneau Oil Company. Judgment for plain-
tiff, and defendant appeals. On motion to
dismiss because amount in dispute was less
than jurisdictional amount in the Supreme
Court. Motion overruled, judgment amended,
and affirmed.

Wise, Randolph, Rendall & Freyer, of
Shreveport, for appellant.

Nettles & O'Quin, of Coushatta, for appel-
lee.

On Motion to Dismiss.

LECHE, J. Plaintiff, alleging that person-
al injury was inflicted upon himself by the
negligence of defendant, sues for damages in

the sum of $5,800. He further alleges that the Employers' Liability Act, adopted by the General Assembly of this state and designated as Act No. 20 of 1914, has no application to his demand for the reasons: (1) That although he was, at the time of his injury, in the employ of defendant, his injury was not received while performing any service incidental to or arising out of his employment. (2) That said act is unconstitutional for various reasons which he proceeds to specify. He then alleges in the alternative, in case said act is decreed constitutional and applicable to his demand, that he is entitled to be paid the sum of $1,125 in accordance with the provisions of said act. He accordingly prays for judgment in the sum of $5,800, and in the alternative for $1,125.

Defendant pleaded several exceptions, which were overruled, and, after answer filed, the case was tried on its merits. From a judgment in favor of plaintiff for $750, defendant took the present appeal.

Plaintiff now moves to dismiss on the grounds: (1) That the amount in dispute is less than $2,000; and (2) that the Employers' Liability Act, under which he recovered, was upheld by the court and declared constitutional.

## Opinion.

[1] Plaintiff, in his motion to dismiss, seems to have abandoned that part of his cause of action upon which he based his demand for damages in the sum of $5,800, for that is the only theory upon which he can assert that the amount in dispute is less than $2,000, and, if we are correct in that assumption, this abandonment and his acquiescence in the judgment rendered is not shown by the record and has only taken place after defendant took the present appeal. The record does show an admission on the part of plaintiff that the particular service which he was rendering at the time he was injured was being performed in the course of his employ-

ment, and that admission debars him on appeal from claiming that the Employers' Liability Act does not apply to his demand for that particular reason; but there is nothing in the record that would debar him from urging on appeal that the Employers' Liability Act does not apply to his demand for the second reason pleaded by him, viz. its unconstitutionality. So that at the time the judgment was rendered the matter still subject to be contested between the parties was whether plaintiff was entitled to damages ex delicto in the sum of $5,800, or whether he was entitled to compensation in the sum of $1,125, and such a matter, being exclusively within the appellate jurisdiction of this court, could be appealed to no other court.

Appellate jurisdiction must be determined by the amount in contest at the time the judgment appealed from was rendered by the lower court. See Wolf v. Thomas, 137 La. 833, 69 South. 269, and authorities therein cited. It would be illogical and contrary to law and equity to hold that, after an appeal has been taken, an appellee may, by abandoning part of his demand, or by acquiescing in that part of the judgment which went against him, either deprive the appellant of his right of appeal or change the forum to which the appeal should be carried. The rights of an appellant to an appeal cannot thus be made to depend upon the will of the appellee. That is the reason why we held in the case of Alexander v. Morgan, 130 La. 381, 58 South. 13, that a defendant, who has "been sued for an amount within the jurisdiction of this court, cannot be deprived of his appeal by the acquiescence of the plaintiff in a judgment for an amount below that required to confer jurisdiction."

The motion to dismiss is overruled.

## On the Merits.

O'NIELL, J. Plaintiff has abandoned his contention that the Act No. 20 of 1914, the

Employers' Liability Act, is unconstitutional, and it is admitted that, as the amending statute of 1916 (Act No. 243 of that year) was not in effect when the accident occurred, the case is governed by the statute of 1914, as originally enacted.

[2] Defendant pleaded, in the district court, that the action was barred by the provision in section 31 of the Act No. 20 of 1914, that all claims for compensation should be forever barred unless within one year after the injury proceedings have been begun as provided in sections 17 and 18 of this act.

The accident occurred on the 23d of March, 1916. The petition in this suit was filed on the 22d of March, 1917, and service of citation and of a copy of the petition was made upon the defendant on the 23d of March, 1917. The record does not show whether the service of citation was made at an early or a later time of day than the time of day at which the accident had happened. And our opinion is that that is a matter of no importance. Article 3467 of the Civil Code declares that the time required for prescription is reckoned by days, not by hours, and that it is not complete until the last day allowed has expired. See Rady v. Fire Insurance Patrol, 126 La. 273, 52 South. 491, 139 Am. St. Rep. 511, and the list of decisions cited there. Defendant's argument that section 31 of the Act No. 20 of 1914 is not a statute of prescription, but an absolute bar to an action not begun "within one year," has no merit. The law referred to is a statute of limitation, or prescription liberandi causa.

[3] Defendant argues that this suit, being a proceeding via ordinaria, was not "begun as provided in sections 17 and 18" of the Act No. 20 of 1914. Section 17 of the act refers only to the method of making an amicable settlement of a claim for compensation. Section 18 provides a summary proceeding for disposing of the claim of an injured employé, in case he and the employer do not agree upon a settlement. The main distinction, if not the only distinction, between the summary proceeding allowed by section 18 of the statute and the ordinary proceeding, is that, in the summary proceeding referred to, the defendant is allowed only 7 days for answering the complaint, whereas, in the ordinary proceeding, he is allowed 10 days. We have decided, however, that an injured employé may proceed, as the plaintiff proceeded in this case, by an ordinary suit, claiming, first, damages under article 2315 of the Civil Code, and, in the alternative, compensation under the Employers' Liability Act. See Philps v. Guy Drilling Co., 143 La. 951, 79 South. 549. For a defendant, in such case, to complain of being allowed 10, instead of only 7, days for answering, would be beyond all reason. The summary character of the proceeding is for the benefit of the plaintiff in such case. Besides, if this suit for compensation should be considered informal, because it was brought via ordinaria, that would not prevent its having the effect of interrupting prescription. An informality in the proceedings does not prevent an interruption of prescription by service of citation and a copy of the petition containing full information of the claim against the debtor. See Martinez v. Succession of Vives, 30 La. Ann. 818; Satterley v. Morgan, 33 La. Ann. 846; Meyer v. Ludeling, 40 La. Ann. 642, 4 South. 583; Lukis v. Allen, 45 La. Ann. 1451, 14 South. 186; Grand Lodge, F. & A. M. v. City of New Orleans, 46 La. Ann. 720, 15 South. 296; B. J. Wolf & Sons v. N. O. Tailor-Made Pants Co., 110 La. 429, 34 South. 590.

[4] Having concluded that the service of citation was made in time to interrupt the prescription, we find it unnecessary to consider the reasons urged by defendant for contending that section 27 of the Act No. 267 of 1914, declaring that the mere filing of a suit

against a corporation shall have the effect of interrupting prescription, does not apply to this case.

[5] The only remaining question is whether the amount of compensation allowed by the judgment is correct. The injury suffered by plaintiff was the loss of two phalanges of his index finger, more than two phalanges of the second and of the third finger, a .permanent deformity of the little finger and a shrinking of the left arm to two-thirds of its normal size and strength. He was earning $100 a month at the time of the accident.

By the terms of subsection (c) of section 8 of the statute, plaintiff was entitled to $150 compensation for the loss of half of his index finger, that is, half of $10 a week for 30 weeks; and $400 for the loss of the second and third finger, that is, for each finger, $10 a week for 20 weeks. In addition to those sums, the court allowed $200 for the loss of the fourth finger. Our opinion, however, is that, for a case to come within one of the provisions for an injury particularly specified in subsection (c), as for the loss of a finger, thumb, hand, etc., the member must have been severed or amputated. If a finger, thumb, or hand, as the case may be, has been permanently disabled, either partially or totally, but not severed from the body or amputated, the compensation is to be measured by the general provisions of the first paragraph of subsection (c) of section 8 of the statute; that is, one half of the loss of wage-earning capacity, not exceeding $10 a week, for a period not exceeding 300 weeks. But, as the record does not show what was the difference between plantiff's wage-earning capacity before and after the accident, we are not able to make a computation under the first paragraph of subsection (c) of section 8, for allowing compensation for the injury to plaintiff's arm and little finger, for which injuries compensation is not specifically provided.

[6] Defendant contends that plaintiff is not entitled to compensation for the loss of more than one finger, nor for a period exceeding 2 months. The contention is founded upon this provision in subsection (c) of section 8 of the statute, viz.:

"In no case shall payments be made under more than one clause of this subsection, nor in any case after the employé is able to earn as much as he did before the accident."

It is true, plaintiff was back at his work, attending to the pumping machinery, 2 months after the accident. But he was not able to start the engine, and therefore it cannot be said that he was able to earn as much as he earned before the accident. Other workmen, through sympathy, would start the engine for him; and defendant, perhaps through sympathy, paid him the same wages that he had earned before the accident. He was discharged, however, before the end of 8 months.

The expression, "In no case shall payments be made under more than one clause of this subsection," cannot be construed to mean that, though an employé has suffered the loss of three fingers, he is only entitled to compensation for the loss of one finger. Immediately following the provisions for compensation for the loss of fingers and thumbs is a proviso that makes it plain that the compensation to be allowed for the loss of fingers and thumbs is not limited to the amount allowed for the loss of one finger or thumb, viz.:

"Provided, however, that in no case shall the amount received for more than one finger exceed the amount provided in this schedule for the loss of a hand."

[7] The judgment must be reduced to $550; but, exercising the discretion vested in appellate courts by the Act No. 229 of 1910 (p. 388), with regard to the taxing of costs of court, we have concluded that the defendant should pay the costs of appeal, as well as the costs of the district court.

The judgment appealed from is amended, by reducing the amount from $750 to $550, and as amended, it is affirmed, at the cost of defendant.