Under the circumstances, the appeals appear to have been abandoned.

The appeal is dismissed at the cost of appellants.

(80 South. 224)

No. 21476.

CRAWFORD, JENKINS & BOOTH v. FISHER.

(Dec. 2, 1918.)

*(Syllabus by Editorial Staff.)*

1. COURTS ⚖➠224(10) — LOUISIANA SUPREME COURT—JURISDICTION.

Although the question of original jurisdiction of a suit is determined by the amount sued for, the question of appellate jurisdiction is controlled by the amount that was in contest when the judgment appealed from was rendered by the court of original jurisdiction.

2. COURTS ⚖➠224(10)—LOUISIANA SUPREME COURT—JURISDICTION.

In a suit for $2,507.65, of which $1,732.65 was represented by a note, and the balance by an admitted indebtedness, where defendant pleaded payment of the note, and the trial was confined to that issue, and judgment was rendered for the admitted indebtedness, the Supreme Court under Const. art. 85, had no jurisdiction on plaintiff's appeal.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Action by Crawford, Jenkins & Booth against E. M. Fisher. Judgment for plaintiffs in part, and they appeal. Case transferred to the Court of Appeal, Second Circuit.

J. H. Stephens, Jr., of Shreveport, for appellants.

Elam & Lee, of Mansfield, for appellee.

O'NIELL, J. The amount in contest in this case is only $1,732.65. The appeal, therefore, should have been taken to the Court of Appeal.

144 LA.—5

The suit was for $2,507.65, of which $1,732.65 was represented by a promissory note signed by the defendant, and the balance, $775 was represented by three items of indebtedness which the defendant admitted he owed. He pleaded payment of the promissory note. At the beginning of the trial, his admission, that the only matter in contest was the question of payment of the note, was entered upon the minutes of the court, or in the note of evidence, and the trial was confined to that issue. At the conclusion of the trial, the district judge repeated, as a preface to his opinion or reasons for judgment, that the defendant had acknowledged that judgment should be rendered against him for $775, and that the only question to be decided was whether the plaintiff should also have judgment for the amount of the promissory note. Judgment was rendered in favor of the plaintiff for the $775, his demand for the $1,732.65 was rejected, and he prosecutes this appeal.

[1, 2] Ordinarily, and with certain exceptions that are not pertinent to this case, the jurisdiction of the Supreme Court extends only to cases where the matter in dispute exceeds $2,000, exclusive of interest. Article 85 of the Constitution. And it is well settled that, although the question of original jurisdiction of a suit is determined by the amount sued for, the question of appellate jurisdiction is controlled by the amount that was in contest when the judgment appealed from was rendered by the court of original jurisdiction. See Wolf v. Thomas, 137 La. 833, 69 South. 269, and the decisions there collected.

It is ordered that this case be transferred to the Court of Appeal, Second circuit; that the costs of the present appeal be borne by the appellant; and that all other costs shall depend upon the final judgment.