(101 So. 797)

No. 26724.

CROWELL & SPENCER LUMBER CO. v. LYNCH et al.

(Nov. 3, 1924.)

*(Syllabus by Editorial Staff.)*

1. Courts ⬤⟞224(11)—Test of jurisdiction as to amount and value in contest, stated.

Test of jurisdiction of appellate court so far as it is determined by amount or value in contest, is not amount or value sued for, but amount or value remaining in contest when case has been submitted in court of original jurisdiction.

2. Courts ⬤⟞224(9)—When amount in contest less than $1,000, appeal transferred to Court of Appeal.

Where amount or value in contest when case was submitted in district court was only $1,000, which is under minimum limit of Supreme Court's jursidiction, appeal will not be dismissed, but transferred to Court of Appeal.

Appeal from Twelfth Judicial District Court, Parish of Vernon; John H. Boone, Judge.

Action by the Crowell & Spencer Lumber Company against Hamp Lynch and another. Judgment for plaintiff, and defendant named appeals. Transferred to Court of Appeal.

S. I. Foster, of Leesville, for appellant.

White, Holloman & White, of Alexandria, for appellee.

O'NIELL, C. J. This suit was brought as a petitory action to recover 80 acres of land, alleged to be worth $4,000. One of the defendants, Hamp Lynch, occupied 40 acres of the land, and the other defendant, Jesse Funderburk, had the other 40 acres. He allowed judgment to go against him by default and has not appealed. Lynch, in his answer to the suit, acknowledged plaintiff's ownership of the land, but averred that he, Lynch, as a possessor in good faith, had improved the property to the extent of $1,000, for which he claimed reimbursement. That was the only matter at issue—whether the defendant should be reimbursed $1,000 for the improvements he had put upon the land, or should be merely allowed to remove the buildings. The district court decided that Lynch had only the right to remove his buildings. At the same time, of course, the court gave judgment in favor of the plaintiff for the land itself. The defendant Lynch appealed from the judgment. Plaintiff has moved to dismiss the appeal because the

amount in contest is below the jurisdiction of this court.

[1, 2] The test of jurisdiction of an appellate court, so far as it is determined by the amount or value in contest, is not the amount or value sued for, but the amount or value remaining in contest when the case has been submitted for decision in the court of original jurisdiction. Wolf v. Thomas, 137 La. 833, 69 So. 269; Tremont Lumber Co. v. Talbot, 140 La. 887, 74 So. 183; Crawford, Jenkins & Booth v. Fisher, 144 La. 130, 80 So. 224; Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 83 So. 25. The amount or value that remained in contest when this case was submitted for decision in the district court was only $1,000, which is under the minimum limit of our jurisdiction.

The appeal, however, should be not dismissed, but be transferred to the Court of Appeal, which has jurisdiction of the case.

It is ordered that this case be transferred to the Court of Appeal, First Circuit. Appellant is to pay the costs of the present appeal; all other court costs are to abide the final judgment.