*505
 
 O’NIELL, C. J.
 

 This suit was brought against the Southern Insurance Company of Nashville and the Continental Casualty Company, of Chicago, on a life insurance policy in which the plaintiff was named as beneficiary. The policy was issued by the Southern Insurance Company of Nashville for $5,000, payable $500 per annum, in quarterly installments of $125 each. All but $2,875 had been paid, and only two installments, of $125 each, were past due, when the suit was filed. The Continental Casualty Company was sued as surety on the bond given by the insurance company, as required by Act No. 172 of 1908, p. 232, as one of the conditions on which a foreign insurance company may do business in this state. The plaintiff prayed for a judgment against the two companies, in solido, for $2,875, payable in quarterly installments, according to the terms of the policy, with interest on each installment from the date of its maturity. The Southern Insurance Company allowed judgment to go against it by default. The Continental Casualty Company filed an exception of no cause or right of action, because the insured had died before the casualty company became surety on the insurance company’s bond. The casualty company pleaded also that, in any event, a judgment could not be rendered against the company for the installments which were not yet due when the suit was filed. The judge of the civil district court overruled the exception of no cause or right of action, at the same time intimating that he could not give the plaintiff judgment for the amount of the installments which were not due when the suit was filed, but' reserving his judgment on that question. The Continental Casualty Company then answered the suit, and, after trial on the merits, judgment was rendered against the company for $250, being the amount of the two installments that were due when the suit was filed. In the judgment the court reserved whatever right of action the plaintiff might have for the installments that were not due when the suit was filed. The Continental Casualty Company appealed from the decision. The plaintiff has moved to dismiss the appeal on the ground that the amount in dispute is only $250, which is below the minimum amount of which this court has jurisdiction. Reserving the benefit of her motion to dismiss the appeal, the plaintiff has filed an answer to the appeal, praying that, if the appeal be not dismissed, she should have damages for the appellant’s having taken a frivolous appeal, and that in other respects the judgment should be affirmed. We are now concerned only with the motion to dismiss the appeal.
 

 The motion to dismiss is not well founded. The amount that was in contest at the time when the judgment' was rendered was more than $2,000, exclusive of interest. The test for determining whether the Supreme Court or the Court of Appeal has appellate jurisdiction, according to the amount in contest, is the amount that was in contest when the judgment appealed from was rendered. After an appeal is taken, the appeUee cannot, by abandoning a part of his claim, or by acquiescing in a part of the judgment, deprive the appellant of his right of appeal or change the forum to which the case should be appealed. Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 83 So. 25.
 

 The motion to dismiss the appeal is overruled.