## CARLOCK v. KUSIN.

No. 5262.

Court of Appeal of Louisiana.
Second Circuit.

April 30, 1936.

James D. Sparks, of Monroe, for appellant.

George W. Lester, of Monroe, for appellee.

HAMITER, Judge.

The material averments of the original petition in this case may be paraphrased as follows: On or about June 25, 1934, while plaintiff was employed regularly by the Supreme Bedding Company, defendant Kusin offered her employment in his factory, the Dixie Bedding Company, stating at the time, "that if she would enter his employ, he would guarantee her a full time position for forever and so long as she should live." After due consideration, she accepted defendant's offer.

On or about July 2, 1934, plaintiff entered the employ of defendant at a weekly wage of $12, and received a full five-day week employment as promised her, until September 1, 1934. At that time she was informed by defendant that he would be unable to continue her services for more than two weeks during a month, and, because of her poverty and inability to find work elsewhere, she was forced to work under said proposed arrangement from that date. She continued under this form of employment until April 5, 1935, when she was dismissed from defendant's service.

Although she was employed "forever and so long as she should live," her claim for wages is restricted to a period of five years because, according to her allegations, the law of this state prohibits persons from binding themselves for a longer period. .

In her original petition, plaintiff prayed for judgment against defendant in the sum of $3,048.

This petition was excepted to by defendant on the ground that no cause or right of action was disclosed. The exception was later overruled.

Reserving the benefit of his exception, defendant answered, generally denying the allegations of that petition, and averring affirmatively that at the special solicitation of plaintiff she was employed on a day to day basis at a salary of $2.40 per day. He also alleged that she became careless in her work, destroyed ticking cloth valued at $100, refused to obey instructions of defendant or the foreman, and was discharged on April 5, 1935, for such reasons.

At the commencement of the trial of the merits of the case on February 12, 1936, defendant objected to the introduction of any testimony relating to the alleged contract of employment for the reason that it was without a time or term, and, under the provisions of the Civil Code, was an indefinite contract terminable at the will of either party. Defendant's exception of no cause or right of action was renewed and again urged in bar of plaintiff's claim. The court's ruling on this objection was as follows: "This objection is sustained, on the grounds that the alleged contract for services was not made for any fixed period of time; and, for that reason, the petition does not disclose right of action to sue for any

specified amount of salary, under article 2749 of the Civil Code."

The court minutes of that date recite: "Case taken up for trial. Defendant objects to taking of any testimony in support of the contract sued on. Objection sustained."

Thereafter, plaintiff filed an amended petition in which she substantially averred that on July 25, 1935, she was re-employed by her former employer, the Supreme Bedding Company, for three days a week at $2.40 a day, and that, therefore, she is only entitled to recover from defendant Kusin the difference between that amount and the wages promised by him, or two days' wages a week. In the amended petition she prays for judgment in the sum of $1,293.60, instead of the $3,048 sought under the original petition. The minutes of the trial court of February 15, 1936, contain the following: "By agreement between attorneys for plaintiff and defendant, petition amended to show plaintiff sues for two days per week, at $2.40 per day, for five years. Judgment read, signed and filed. See decree. * * *"

The pertinent part of the signed judgment, mentioned in the last-quoted minutes, reads as follows:

."It is ordered by the Court that the said objection be maintained, and, accordingly, that the plaintiff's demand be rejected at her cost.

"Judgment rendered in open court on the 12th day of February, 1936.

"Judgment read and signed in open court on the 15th day of February, 1936."

On this last-mentioned date, plaintiff was granted orders of appeal returnable to this court.

The question to which we presently address ourselves is whether or not this court has jurisdiction ratione materiæ of the case. Appellate courts are charged with the duty of noticing lack of jurisdiction, even though not urged to do so by the litigants. Dupont v. Harris Ice Cream Co., Inc., 149 La. 729, 730, 90 So. 144.

It is to be noted that the amended petition, filed February 15, 1936, which had the legal significance and effect of a remittitur and reduced the claim from $3,048 to $1,293, was filed after the trial court's decision, on February 12, 1936, rejecting plaintiff's demands. At the time of deciding the case, the amount in dispute, as revealed by the original petition, exceeded the jurisdictional limits of this court in cases of this nature. No new trial was granted, the judgment was never annulled or set aside in any manner, and no motion to accomplish or effect either of them was ever filed.

The Supreme Court, in the case of Crowell & Spencer Lumber Co. v. Lynch et al., 157 La. 21, 101 So. 797, stated: "The test of jurisdiction of an appellate court, so far as it is determined by the amount or value in contest, is not the amount or value sued for, but the amount or value remaining in contest when the case has been submitted for decision in the court of original jurisdiction. Wolf v. Thomas, 137 La. 833, 69 So. 269; Tremont Lumber Co. v. Talbot, 140 La. 887, 74 So. 183; Crawford, Jenkins & Booth v. Fisher, 144 La. [129] 130, 80 So. 224; Norwood v. Lake Bistcneau Oil Co., 145 La. 823, 83 So. 25."

In Chickasaw Wood Products Co. v. Vail-Donaldson Co., 173 La. 59, 136 So. 87, 88, it is said: "It is the amount remaining in dispute at the time when the case is submitted to the district court for decision that determines whether the case is appealable to the Supreme Court or to the Court of Appeal."

To the same effect is the case of Opelousas St. Landry Bank & Trust Co. v. Fontenot et al., 173 La. 430, 137 So. 339.

In the comparatively recent case of Hanover Fire Insurance Co. et al. v. Southern Amusement Co., Inc., et al., 176 La. 631, 146 So. 316, we find: "It is the amount remaining in dispute when the district court has to decide the case that determines whether the case is appealable to the Supreme Court or to the Court of Appeal." (Citing the Chickasaw Wood Products Co. Case, and many others involving a similar holding.)

As the sum in controversy, in the case at bar, exceeded the jurisdictional authorization of this court on the date of the trial court's decision, we are unable to entertain this appeal. The fact that the amendment, or remittitur, was filed by agreement of counsel is of no moment. The courts of this state have often held that consent of parties cannot confer jurisdiction ratione materiæ. Nelson v. Continental Asphalt & Petroleum Co., 157 La. 491, 102 So. 583.

Instead of dismissing the appeal, however, we are permitted, under the provisions of Act No. 19 of 1912, to transfer the case to the Supreme Court.

Accordingly, it is ordered, adjudged, and decreed that this case be transferred to the

Supreme Court of Louisiana; that a period of sixty days is granted for the perfecting of the transfer, dating from the finality of this judgment; and that on failure to make the transfer within that period, the appeal shall be considered dismissed. The costs of the appeal to this court shall be paid by appellant, while all others costs shall await the final disposition of the case.