## SHREVEPORT LAUNDRIES, Inc., v. ST. PAUL–MERCURY INDEMNITY CO. OF ST. PAUL.

### No. 5271.

Court of Appeal of Louisiana. Second Circuit. June 26, 1936. Rehearing Denied July 15, 1936.

E. W. & P. N. Browne, of Shreveport, for appellant.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff brings this suit against the St. Paul-Mercury Indemnity Company of St. Paul to recover $3,488.83, the amount of alleged embezzlements by William C. Roberts, plaintiff's secretary-treasurer, whose fidelity was insured under the terms of a bond between the parties. In addition to said principal sum, statutory penalties and attorney's fees for $1,000 are sued for. By an amended petition, the principal demand is increas-

ed by $55.37, the total of other alleged embezzlements by Roberts.

Defendant admits receipt of notices promptly sent it by plaintiff advising of Roberts' shortage, but, for lack of sufficient information, denies that there was a shortage, and, therefore, denies liability for the amounts sued for. Defendant further alleges that since receipt of the first notification that there existed a shortage in Roberts' accounts, it has stood ready, and still stands ready, to pay any amount due plaintiff under the terms of said bond that might be definitely determined to be due and owing, but that the amount of said shortage has never been correctly determined; that from the inception of the claim sued on, plaintiff has advised defendant that no figures submitted by it could be considered final as the "transactions of said Roberts were of such nature and the embezzlements were of such character as to render it practically impossible to ascertain the exact amount of the shortage." Defendant additionally avers that after checking up said shortage, and going over the matter with Roberts, its auditor computed the total thereof at an amount much less than that claimed by plaintiff, and, on the basis of that audit, it offered to settle with plaintiff, which was refused; that since this was done, no new figures have been presented to it by plaintiff, in support of its demand, save the $55.37 covered by the supplemental petition; that if the conclusions reached by its own auditor, based upon his own audit, as to Roberts' total shortage, are incorrect, then defendant does not know, and has no means of ascertaining, the exact extent of his shortage, and such may only be determined judicially; that its offer of settlement not having been accepted by plaintiff, was withdrawn, and strict proof of any liability on its part for any of the items of shortage sued for, is required.

There was judgment for plaintiff for the principal sum of $3,406 with legal interest thereon from judicial demand, plus penalty of 3 per cent. per month from April 15, 1935, upon $2,645.66 until paid, the same, however, not to exceed in the aggregate 50 per cent. of that amount. There was also judgment for $350 as attorney's fees. After unsuccessful effort to secure new trial or rehearing, defendant moved for and was granted appeals, suspensive and devolutive, to this court, from said judgment, " * * * insofar as same allow-

ed the claim of $760.34 and insofar as same allowed penalties and attorney's fees." Both appeals were perfected. Appellee does not complain of the lower court's finding as regards the principal amount due it, but in answer to the appeal, asks that the judgment be amended by increasing the attorney's fees to $500, and by imposing the statutory penalty upon the entire principal sum of the judgment for the time fixed therein. In other respects, inferentially at least, affirmance of the judgment is asked for.

■ Defendant does not complain of the judgment against it to the extent of $2,645.-66, but does complain thereof in so far as it is cast for penalties and attorney's fees, and $760.34 of the principal sum sued for, made up of a miscellaneous lot of alleged shortages and irregularities of Roberts; and it is from that part of the judgment condemning defendant for these amounts that it prosecutes this appeal. Appellee does not challenge the right of defendant to split the judgment for purposes of appeal, and, apparently, is willing to have this court review the judgment to the extent sought to be appealed from. However, if this court has no jurisdiction of the appeal ratione materiæ, of its own motion it must take cognizance of the fact. Consent of parties, or acquiescence on part of appellee in appellant's method of appealing, otherwise unauthorized in law, will not be allowed to influence the jurisdictional question involved. Code of Practice, art. 92; Pawnee Land & Lbr. Co. v. Guillory, 144 La. 597, 80 So. 890; Sennette v. Police Jury, 129 La. 728, 56 So. 653.

■ Judgments, as a rule, for purposes of appeal are indivisible. Acquiescence in any part of such will destroy an appeal already taken, or the right to do so, if not taken. Jolley v. Vivian Oil Co., 131 La. 937, 60 So. 622; Flowers v. Hughes et al., 46 La.Ann. 436, 15 So. 14.

■ This rule of indivisibility does not apply when there is difference in the nature of demands incorporated in the same petition. For instance, one may sue for land and for its use while in the unlawful possession of another. If he succeeds on both demands, appeal may be restricted to the money judgment. Milliken & Husband v. Rowley, 3 Rob. 253; Mitchell v. Lay et al., 3 La.Ann. 593; Succession of Henrietta Kaiser, 48 La.Ann. 973, 20 So. 184.

■ But, where the suit is confined to a demand for money only, made up of several items of alleged indebtedness or liabilities, and judgment is accordingly rendered for plaintiff, we think, for purposes of appeal, the rule of indivisibility controls. If we are correct in this conclusion, appeal in the present case should have been to the Supreme Court. That court has "appellate jurisdiction in civil suits where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars. * * * "

In Crowell & Spencer Lumber Co. v. Lynch et al., 157 La. 21, 101 So. 797, the court held: "The test of jurisdiction of an appellate court, so far as it is determined by the amount or value in contest, is not the amount or value sued for, but the amount or value remaining in contest when the case has been submitted for decision in the court of original jurisdiction. Wolf v. Thomas, 137 La. 833; 69 So. 269; Tremont Lumber Co. v. Talbot, 140 La. 887, 74 So. 183; Crawford, Jenkins & Booth v. Fisher, 144 La. [129], 130, 80 So. 224; Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 83 So. 25." And, on same subject, it was said in Chickasaw Wood Products Co. v. Vail-Donaldson Co:, 173 La. 59, 136 So. 87, 88, "It is the amount remaining in dispute at the time when the case is submitted to the district court for decision that determines whether the case is appealable to the Supreme Court or to the Court of Appeal. If, in a suit for more than $2,-000, a remittitur is entered or an admission made before the case is submitted to the district court for decision, reducing the amount in dispute to or below $2,000, exclusive of interest, the case is appealable to the Court of Appeal and not to the Supreme Court."

The same principle is expressly announced in the more recent case of Hanover Fire Ins. Co. v. Southern Amusement Co., 176 La. 631, 146 So. 316. See, also, Katie Carlock v. Joseph Kusin, 167 So. 459, recently decided by this court; not yet reported [in State Report].

■ It has been frequently held that entering a remittitur by plaintiff after verdict of jury or judgment by the court does not prejudice the right of any one vested therewith, and so desiring, to appeal to the court having jurisdiction of the cause as of the time of the remittitur. In other words, the status of the case, so far as right of appeal is concerned, is unaffected by any effort or act designed to reduce the amount involved in the case at time passed on by judge or jury. Trenchard v. New Orleans Ry. & Light Co., 123 La. 36, 48 So. 575; Roden v. Aldy, 9 La.App. 655, 121 So. 656; Givens v. Yazoo & M. V. Ry. Co., 173 La. 372, 137 So. 66.

■ Therefore, the amount in dispute, in the present case, when decided by the lower court, being in excess of the maximum amount of which this court has jurisdiction, in a case of this character, and the judgment itself being in excess of that amount, can it be said that this court is vested with jurisdiction of the appeal simply because appellant has attempted to so invest it therewith by restricting its appeal to amounts, included in the judgment, the aggregate of which is below the maximum, with respect to amount, of this court's jurisdiction? As stated before, we do not think so. After a somewhat extended investigation of the question, we have found no case in point in the Louisiana reports. The common-law rule is in accord with our own views. Corpus Juris, vol. 3, p. 356, anent this question, has this to say: "Since a party can, as a general rule, appeal only from final judgments and orders, he cannot divide a case into parts and carry it up by fragments, especially when the final judgment is allowed to stand affected by the appeal. But, where two judgments in an action are distinct and several, there may be an appeal from one, and not the other."

In the very recent work, "American Jurisprudence," vol. 2, p. 858, § 20, the rule is stated as follows: "At common law a writ of error had the effect of bringing up before the reviewing court, for examination for errors of law, the entire record. Consequently, it would not lie to review a part only of a judgment. Hence, in the absence of a statute expressly authorizing it, a part of a judgment can not be reviewed. In some jurisdictions, however, such review is expressly authorized by statute. Where such a statute is in force, it has been held that an appeal will lie from so much only of a judgment as allows a recovery of attorneys' fees in an action on a bill of exchange, there being in such a case no necessity for appealing from the whole of the judgment." And Ruling Case Law, vol. 2, p. 33, § 12, is in practically the same language.

It seems clear to us that if a defendant's right of appeal to the court having proper jurisdiction thereof at time judgment is rendered cannot be affected by remittitur thereafter offered by plaintiff, that a defendant, himself, may not so affect the right of appeal to such court or a plaintiff's rights as appellee, by taking and prosecuting an appeal restricted to an integral part of the judgment.

██ The lower court held that by refusing to pay that part of the principal amount of the judgment not appealed from, defendant incurred the statutory penalty, which it imposed. To determine the correctness of this ruling, the merits of the entire case will have to be considered. Unless this is done, a court cannot say whether by refusing to pay any part of plaintiff's claim prior to being sued, defendant acted upon just and reasonable grounds. It is imperative that in order to escape the infliction of such penalties defendant must have so acted. Act No. 37 of 1921, Extra Session.

██ We are compelled to ex officio take notice of our lack of jurisdiction, and, accordingly, hereby transfer the case to the honorable Supreme Court, under the provisions of Act No. 19 of 1912. Appellant is allowed 60 days, from finality of this decree, in which to perfect appeal to that court; costs of this appeal are to be paid by appellant.

On Application for Rehearing.

PER CURIAM.

Appellant assails the correctness of our judgment transferring appeal in this case to the Supreme Court on the ground that the judgment of the lower court could not be split for purpose of appeal. We have not been convinced by the forceful brief of counsel, in support of this application, that we have erred, and adhere to our judgment transferring the case to the Supreme Court on the grounds by us assigned. However, after checking over the amounts in contest, from standpoint of appellant and appellee, we find that the aggregate thereof, when judgment of the lower court was signed and now, is in excess of $2,000, exclusive of interest; and, for this primary reason, this court is without jurisdiction ratione materiæ. In considering the case originally, we addressed ourselves solely to the question of appellant's right to appeal from only part of the judgment against it.

We raised the question on our own motion, and were therefore without brief of either side to assist us.

There are in dispute in the case the following items sued for, viz.: Penalties of 3 per cent. per month on the principal sum of the judgment, or $3,604; attorney's fees; and $760.34 of said principal sum.

These penalties date from April 15, 1935. Judgment was signed February 5, 1936; nine months and twenty days intervened between these dates. Attorney's fees of $1,000 were sued for, a fee of $350 was awarded, and in this court increase in the amount to $500 is prayed for. The following tabulation discloses the items with amounts in contest:

Penalty of 3% per month on
$3604.00, for 9 mos. and 20 days $ 987.74
Principal sum .................... 760.34
Attorney's fees ................. 1000.00

$2748.08

Should we only consider for jurisdictional purposes the amount of attorney's fees allowed by the lower court, or the amount claimed by appellee in this court, the total sum in dispute, in either case, would still exceed two thousand dollars.

For the reasons herein assigned, the application for rehearing is denied.