## ROCKEFELLER v. EGGLESTON.

### No. 5521.

Court of Appeal of Louisiana. Second Circuit.

Oct. 29, 1937.

Frank A. Blanchard, of Shreveport, for appellant.

Harry V. Booth, of Shreveport, for appellee.

DREW, Judge.

Plaintiff instituted this suit to cancel a surface lease covering lots 3 and 4, block 21, together with buildings and improvements thereon, in the town of Rodessa, La. He also prayed for a money judgment in the amount of $2,485.06 for property removed from the premises by defendant during the existence of the lease. Defendant answered and reconvened for damages, and, after trial of the case below, the lower court awarded judgment on February 1, 1937, in favor of plaintiff for the sum of $100, rejecting the other demands of plaintiff and the reconventional demand of defendant.

On February 6, 1937, defendant filed a motion for a rehearing which was overruled on February 8, 1937. Judgment was rendered, signed, and filed on February 24, 1937. On April 3, 1937, there was filed an agreement between counsel for plaintiff and defendant in which it is set out that the amount involved in this suit is less than $2,000. An appeal was taken to this court by the defendant and, after the case was lodged here, and on June 8, 1937, the plaintiff filed an answer to the appeal in which he set out the following:

"1. That the judgment of the trial court, appealed from by the defendant, Mrs. Maude Patterson Eggleston, should be amended by this Honorable Court by awarding your mover judgment as originally prayed for, in the sum of $2485.06, with legal interest thereon from judicial demand until paid and all costs of suit, and further judgment, decreeing plaintiff to be entitled to all rents and revenues from the premises described in said contract and lease attached to the original petition, beginning June 1st, 1936, and further judgment ordering an accounting of all rents and revenues collected by said Mrs. Maude Patterson Eggleston on said property subsequent to June 1st, 1936, and when so determined, that there

be judgment in favor of plaintiff and against defendant for such amount, together with legal interest on such amount from date of said collections until paid and all costs of this suit.

"2. Your mover avers that with the above amendment, the judgment of the trial court should be affirmed.

"Wherefore, your mover prays that this answer to the appeal taken by Mrs. Maude Patterson Eggleston be filed and allowed, and accordingly on a hearing herein, that the judgment of the trial court be amended by awarding your mover judgment as originally prayed for, in the sum of $2485.06, with legal interest thereon from judicial demand until paid and all costs of suit, and further judgment, decreeing plaintiff to be entitled to all rents and revenues from the premises described in said contract and lease attached to the original petition, beginning June 1st, 1936, and further judgment ordering an accounting of all rents and revenues collected by said Mrs. Maude Patterson Eggleston on said property subsequent to June 1st, 1936, and when so determined, that there then be judgment in favor of plaintiff and against defendant for such amount, together with legal interest on such amount from date of said collections until paid and all costs of this suit."

▆▆▆ Under the above facts it is clear that this court is without jurisdiction ratione materiæ. The amount in dispute at the time of the decision below was in excess of $2,000, and any agreement of counsel made thereafter is without effect as to the jurisdiction. And in cases of this kind we do not have jurisdiction in excess of $2,000. Although the question of jurisdiction has not been raised, it is our duty to take notice of that fact, especially when it is apparent. In the case of Carlock v. Kusin, 167 So. 459, 460, we said:

"The question to which we presently address ourselves is whether or not this court has jurisdiction ratione materiæ of the case. Appellate courts are charged with the duty of noticing lack of jurisdiction, even though not urged to do so by the litigants. Dupont v. Harris Ice Cream Co., Inc., 149 La. 729, 730, 90 So. 144.

"It is to be noted that the amended petition, filed February 15, 1936, which had the legal significance and effect of a remittitur and reduced the claim from $3,048 to $1,293, was filed after the trial court's decision, on February 12, 1936, rejecting plaintiff's demands. At the time of deciding the case, the amount in dispute, as revealed by the original petition, exceeded the jurisdictional limits of this court in cases of this nature. No new trial was granted, the judgment was never annulled or set aside in any manner, and no motion to accomplish or effect either of them was ever filed.

"The Supreme Court, in the case of Crowell & Spencer Lumber Co. v. Lynch et al., 157 La. 21, 101 So. 797, stated: 'The test of jurisdiction of an appellate court, so far as it is determined by the amount or value in contest, is not the amount or value sued for, but the amount or value remaining in contest when the case has been submitted for decision in the court of original jurisdiction. Wolf v. Thomas, 137 La. 833, 69 So. 269; Tremont Lumber Co. v. Talbot, 140 La. 887, 74 So. 183; Crawford, Jenkins & Booth v. Fisher, 144 La. 129, 130, 80 So. 224; Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 83 So. 25.'

"In Chickasaw Wood Products Co. v. Vail-Donaldson Co., 173 La. 59, 136 So. 87, 88, it is said: 'It is the amount remaining in dispute at the time when the case is submitted to the district court for decision that determines whether the case is appealable to the Supreme Court or to the Court of Appeal.'

"To the same effect is the case of Opelousas St. Landry Bank & Trust Co. v. Fontenot et al., 173 La. 430, 137 So. 339.

"In the comparatively recent case of Hanover Fire Insurance Co. et al. v. Southern Amusement Co., Inc., et al., 176 La. 631, 146 So. 316, we find: 'It is the amount remaining in dispute when the district court has to decide the case that determines whether the case is appealable to the Supreme Court or to the Court of Appeal.' (Citing the Chickasaw Wood Products Co. Case, and many others involving a similar holding.)

"As the sum in controversy, in the case at bar, exceeded the jurisdictional authorization of this court on the date of the trial court's decision, we are unable to entertain this appeal. The fact that the amendment, or remittitur, was filed by agreement of counsel is of no moment. The courts of this state have often held that consent of parties cannot confer jurisdiction ratione materiæ. Nelson v. Continental Asphalt & Petroleum Co., 157 La. 491, 102 So. 583.

"Instead of dismissing the appeal, however, we are permitted, under the provisions of Act No. 19 of 1912, to transfer the case to the Supreme Court."

Also see Noel Estate, Inc. v. Louisiana Oil Refining Corporation (La.App.) 170 So. 272, and decisions cited therein.

It is therefore ordered, adjudged, and decreed that this case be transferred to the Supreme Court of Louisiana; that a period of sixty days is granted for the perfecting of the transfer, dating from the time this judgment becomes final. On failure to make the transfer, the appeal herein shall be considered as dismissed. Cost of appeal to this court is assessed against the appellant.