## JONES v. METROPOLITAN LIFE INS. CO.

### No. 5688.

Court of Appeal of Louisiana.    Second Circuit.

April 1, 1938.

Brunswig Sholars and Jas. H. Dormon, both of Monroe, for appellant.

Madison, Madison & Fuller, of Bastrop, and Jackson, Smith & Mayer, of Shreveport, for appellee.

DREW, Judge.

In this cause the appellant has filed the following motion:

"Now into this Honorable Court comes Herbert W. Jones, plaintiff-appellant in the above styled cause, through his undersigned counsel, appearing herein solely for the purpose of this motion, and says:

"1. That judgment has been rendered in this cause by the Fourth Judicial District Court in favor of defendant, rejecting plaintiff's demands at his cost.

"2. That this judgment was read, signed and filed; that orders of appeal were granted, on plaintiff's motion in open court, to the Supreme Court of Louisiana.

"3. That the amount in controversy at the time this case was submitted to the District Court for decision was $2000.00, plus the sum of $500.00 as attorney's fees.

"4. That after orders of appeal were granted to the Supreme Court, as aforesaid, plaintiff, through his counsel, appeared in open court and requested that the orders of appeal to the Supreme Court be set aside; that the Court granted this request and set the orders of appeal aside; that plaintiff's counsel then dictated into the record a minute entry entering or granting a remittitur to defendant of the sum of $501.00, and thereby reduced the total amount of plaintiff's claim to $1999.-00; that then plaintiff requested orders of appeal to this Honorable Court which was granted.

"5. That this cause has been docketed and fixed for argument in this court on April 4, 1938.

"6. That subsequent to the perfection of this appeal, this Court decided the case of Rockefeller v. Eggleston, 177 So. 124, his honor, Judge Drew, being the organ of the court; that this case held that the amount in controversy at the time a case is submitted to the district court for decision determines the appellate jurisdiction; that consent of the parties cannot confer jurisdiction ratione materiae and the case was ordered transferred to the Supreme Court.

"7. That when the case at bar was submitted to the district court for decision, the amount in controversy was in excess of $2000.00, and that therefore the Supreme

Court, under the decision above referred to, has jurisdiction of the appeal.

"Wherefore, appearer moves and prays that this cause be ordered transferred to the Supreme Court of Louisiana."

Appellee has concurred in the above motion. The facts alleged therein are correct, as shown by the record.

It therefore is ordered, adjudged, and decreed that this case be transferred to the Supreme Court of this state, and that appellant be granted and allowed thirty days from the date this judgment becomes final to perfect his appeal to said court, in accordance with its rules.