On Rehearing
AYRES, Judge.
On reconsideration of the question of jurisdiction under appellants’ application for rehearing, we have concluded we erred in calculating the amount in dispute and in dismissing the appeal for want of jurisdiction. Jurisdiction on appeal, so far as it is dependent upon the amount or value in contest, is determined by the amount in contest or in dispute at the time the case is finally submitted for decision in the court of original jurisdiction. Wolf v. Thomas, 137 La. 833, 69 So. 269; Tremont Lumber Co. v. Talbot, 140 La. 887, 74 So. 183; Crawford, Jenkins & Booth v. Fisher, 144 La. 129, 80 So. 224; Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 83 So. 25; Crowell & Spencer Lumber Co. v. Lynch, 157 La. 21, 101 So. 797; Chickasaw Wood Products Co. v. Vail-Donaldson Co., 173 La. 59, 136 So. 87; State v. Cook, 197 La. 1027, 3 So.2d 114; Ledet v. Rodgers, 220 La. 650, 57 So.2d 217; Jackson v. Perkins, 221 La. 525, 59 So.2d 708.
The amount herein in dispute at the time the matter was submitted to the trial court for decision, exclusive of interest and costs, was the difference between the amount claimed of $540 and the principal sum admitted to be due and tendered by the defendants of $350, or the sum of $190. Therefore, under the provisions of Art. 7, Sec. 29, of the Louisiana Constitution of 1921, as amended, LSA, this court has jurisdiction of the appeal.
On the Merits
This action involves an automobile collision in the City of Shreveport on December 18, 1954. On that date plaintiff parked his 1947 model Pontiac 4-door sedan at 2124 Fairfield Avenue. Upon returning, he failed to find his car and notified the police of his loss. After an investigation during the next three or four days, plaintiff learned that the defendant, McGee, had driven into the rear of plaintiff’s car, knocking it over the curb and into a tree, demolishing both cars, which were carted off to a junk yard. Plaintiff claimed of the defendant and his insurer the sum of $450 for the value of his car, $40 storage and $50 as rental at $5 per day for a period of 10 days on a replacement vehicle.
The defendant, McGee, and his insurer in their original answer admitted the accident but denied liability. In a supplemental answer, liability was admitted to the extent of $350 and tendered into court $395.-71, which amount evidently included interest and costs accrued to the date of tender. Therefore, since there was an admission of negligence constituting the proximate cause of the accident, the only issue is one of quantum. The case was tried by a jury, which rendered a verdict in plaintiff’s favor against both defendants, in solido, for $430.
Three witnesses testified for plaintiff. Bob French and Edward L. Williams, two used car dealers, testified that the car was worth $495. Robert H. Snell, who had considerable experience in adjusting automobile losses, testified the car was worth from $450 to $500. Three used car dealers testified for defendants. Richard R. Nolen testified the car was worth $295, which valuation was based upon a listing of the average value of cars for the month of December, 1954, in so-called official used *20 car guides, entitled “N. A. D. A.” and “Red Book”. Wade Swearingen likewise testified the car was worth from $250 to $300, and Milton T.owbridge was of the opinion the car was worth only $300 but that $350 would be the maximum value. Defendants’ witnesses based their opinions, since they were not familiar with the car in question, primarily upon the average values of the cars listed in the aforesaid publications. The other witnesses, while they used these books for certain purposes, such as for loan values, did not put too much faith in the listings as to car valuations. These publications, as we appreciate the evidence, pertain to the average value of the average car of particular makes and models. These publications, in our opinion, have little, if any, value in the appraisal of a particular automobile, the value of which may depend upon many facts and circumstances, such as the mileage that it has been driven, the manner in which it is driven and the care taken. The record reveals that plaintiff was a very careful driver; that he put very few miles on his car; that he kept it in good mechanical condition, and that, while he had used his car seven years, it had been used only to a limited extent, and had only occasionally been driven further from the City than Cross Lake. As evidence of the care usually taken by plaintiff of his cars, the record shows that a previous car owned by him was operated over a period of 14 years.
The jury heard the witnesses, considered their testimony and all the surrounding facts and circumstances. Its award was approved by the trial judge. From our appreciation of the record, we find no manifest error in the assessment of damages.
Accordingly, the judgment should be, and it is hereby, affirmed at appellants’ cost.
Affirmed.